CHARLES M. MEIRICK, RESPONDENT, v. WITTEMANN LEWIS AIRCRAFT COMPANY, INCORPORATED, APPELLANT.

Submitted December 11, 1922—Decided June 18, 1923.

A judgment entered in a suit brought to recover compensation as secretary, under a contract, is not a bar to a suit between the same parties brought afterwards by the plaintiff to recover the value of services under a *quantum meruit*. There is no identity of the thing sued for. The judgment in the first suit is not *res adjudicata* as to the second suit.

On appeal from the Supreme Court.

For the appellant, *Winne & Banta.*

For the respondent, *Philip Schotland.*

The opinion of the court was delivered by

BLACK, J.  The only point involved on this appeal is the application of the principle of *res adjudicata.* The second defence to the action was stricken out, on the ground that the matters set forth disclose no defense. This is the ground of appeal alleged as error. This suit was brought, as disclosed by the pleadings, to recover on a *quantum meruit* for services rendered. The second defense interposed to the suit was, the plaintiff had been employed by the defendant, as secretary, at a salary of $200 a week. That case was tried on the theory of a contract between the plaintiff and the defendant. At the trial the jury rendered a general verdict against the plaintiff and in favor of the defendant. This was the defense that was stricken out. This is the error complained of. The trial of the present case resulted in a verdict in favor of the plaintiff and against the defendant, upon that verdict judgment final was duly entered in the Supreme Court. The ruling of the court striking out the second defense is the only ground of appeal alleged as error.

It was said, in the case of *Mershon* v. *Williams,* 63 *N. J. L.* 398, 401, a matter is not to be regarded *res adjudicata* unless there be identity of the thing sued for. In the first suit, a specific contract was alleged as the basis of a recovery. In the present suit, a recovery is sought for services, based on a *quantum meruit.* There is no identity of the thing sued for in each suit.

The recognized rule applicable to the topic under discussion, supported by a long line of cases, is thus stated in 23 *Cyc.* 1158: "A proper test in determining whether a prior judgment between the same parties, concerning the same matters, is a bar to a subsequent action, is to ascertain whether

the same evidence, which is necessary to sustain the second action, would have been sufficient to authorize a recovery in the first; if so, the prior judgment is a bar. But if the evidence in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the other suit, although it is for the same cause of action." Cited, with approval in *Hoffmeier* v. *Trost,* 83 *N. J. L.* 358, 360; 15 *R. C. L.* 784, ¶ 239. It is quite apparent, tested by this rule, that the action of the court below in striking out the second defense interposed was not error, because the evidence which was necessary to sustain the present action would not have been sufficient to authorize a recovery in the first action.

The appellant's argument, however, seems to be the plaintiff was bound to present in the first suit the grounds which he now alleges in the present suit, as the basis for a recovery. Citing such cases as *McEligot, &c., Co.* v. *The Town of Nutley,* 92 *N. J. L.* 120; *affirmed, Id.* 636. That class of cases is not applicable to the facts of the case under discussion.

A failure to make proof of an express contract for services rendered or goods furnished is no bar to a suit afterwards to recover their reasonable value. 23 *Cyc.* 1160; *Kirkpatrick* v. *McElroy,* 41 *N. J. Eq.* 539.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—The CHANCELLOR, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.