LORANG, Respondent, *v.* FLATHEAD COMMERCIAL CO., Appellant.

(No. 8,170)

(Submitted April 14, 1941. Decided May 31, 1941.)

[119 Pac. (2d) 273.]

*Messrs. Walchli & Korn,* for Appellant, submitted a brief; *Mr. Hans Walchli* argued the cause orally. *Mr. Ralph J. Anderson,* of counsel on Petition for Rehearing.

*Mr. Harold F. Smith* and *Mr. Lloyd I. Wallace,* for Respondent, submitted a brief; *Mr. Wallace* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by defendant from a judgment on a verdict for plaintiff in the sum of $1,900.

The complaint alleges that between the 1st day of March, 1934, and the 30th day of September, 1935, the plaintiff performed services for the defendant and that such services were of the reasonable value of $5,700; that $3,324.22 had been paid, leaving a balance due of $2,375.68. The defendant admits that the services were performed and that the plaintiff had been paid $3,324.22, but denies that there is any more due and owing. In addition the defendant pleaded that the action is barred by a judgment made and given in another action (No. 8936) between the same parties and covering the same subject matter. The reply admits the entry of the judgment in cause No. 8936,

but joins issue on the point that the subject matter was the same as that involved in this action.

The specifications of error present the following determinative questions: 1. Should the defense of *res adjudicata* have been sustained? 2. Was the verdict excessive?

In regard to the plea of *res adjudicata,* we find from the record that prior to the present suit the plaintiff brought action No. 8936, alleging an express contract (oral) wherein he claimed that the defendant agreed to pay him $175 per month, together with a reasonable percentage of the net profits earned in the store operated by defendant. On the trial of that case, after all of the evidence was in, the court sustained a motion for a directed verdict in favor of the defendant. The court in that action instructed the jury in the following language:

"The court: The jury are all present. Gentlemen, in this case which you have heard for the last day and a half the defendant has made a motion for a directed verdict; the evidence indicates the agreement entered into by these parties is which is known in law as an unenforceable contract, that is the parties have not agreed upon a definite rate of compensation; there is something left yet for them to agree upon; it is what is known as an unenforceable contract. The courts are not permitted, of course, to make contracts for parties and cannot in this case. For that reason the court has sustained the motion of the defendant for a directed verdict in favor of the defendant. The evidence indicates the action was brought in good faith and no doubt the plaintiff rendered valuable services for the defendant during the time he was employed. You will select one of your number foreman and sign the verdict. It is a formal matter terminating the suit. Any juror may serve as foreman."

Assuming, without so deciding that the judgment in action No. 8936 was and is a bar to another action to enforce the express contract, it was not a bar to the maintenance of this action which was brought to recover on a *quantum meruit*. The general rule applicable is stated in 34 C. J. 806, as follows: "Where a plaintiff is defeated in an action based on a certain theory of

his legal rights or as to the legal effects of a given transaction or state of facts through failure to substantiate his view of the case, this will not .as a rule preclude him from renewing the litigation, without any change in the facts, but basing his claim on a new and more correct theory.'' To the same effect is 30 Am. Jur., Judgments, section 210, page 946. And the author in 34 C. J., at page 807, states: ''The general rule that a judgment for defendant will not bar a subsequent action by plaintiff based on a new and more correct theory applies where plaintiff, in an action to recover on an express contract for service to be rendered or goods to be furnished, has been defeated on the ground that the contract was invalid, or was not proved, or had not been fully performed.''

The court properly held that the judgment in case No. 8936 is not a bar to the maintenance of this action.

The next question is whether the verdict is excessive. Before discussing this feature of the case we believe it is desirable to consider what other courts have done with similar contracts.

The courts are not in agreement on the rights of the plaintiff seeking recovery under contracts such as this. The supreme court of Pennsylvania in *Butler* v. *Kemmerer,* 218 Pa. 242, 67 Atl. 332, held that a contract similar to the one here is too indefinite and uncertain to permit of recovery on any theory. That court took the view that the stipulated wage was the reasonable value of the services and that it was the bonus, or division of the profits, that was too indefinite, and hence there could be no recovery therefor.

Other cases take the view that while such an agreement is too indefinite for enforcement (*Hubbard* v. *Turner Department Store Co.,* 220 Mo. App. 95, 278 S. W. 1060), still there can be recovery on a *quantum meruit.* (*Von Reitzenstein* v. *Tomlinson,* 249 N. Y. 60, 162 N. E. 584; *Varney* v. *Ditmars,* 217 N. Y. 223, 111 N. E. 822, Ann. Cas. 1916B, 758; *Hunter* v. *Ryan,* 109 Cal. App. 736, 293 Pac. 825; see, also, Williston on Contracts, Revised Edition, sec. 41, p. 115.) We believe the better view is to permit recovery on· a *quantum meruit,* subject to imitations and

restrictions imposed by the agreement. In an action on *quantum meruit* evidence of the express contract is admissible to prove the reasonable value of the services rendered. (*Wilcox* v. *Newman,* 58 Mont. 54, 190 Pac. 138.) Hence in this case recourse was properly had to the express contract in order to determine the basis on which to compute the reasonable value of the services, and as rebutting any agreement that $175 per month was the reasonable value (*Reitzenstein* v. *Tomlinson,* supra; *Mannix* v. *R. L. Radke Co.,* 166 Cal. 333, 136 Pac. 52). The contract was definite in some respects. It fixed the minimum compensation at $175 per month. It also was definite in the respect that no bonus was to be paid unless there was a net profit, and in limiting the compensation, if there were net profits, to but a percentage of those profits. It was indefinite only as to the percentage of the net profits to be received. Even though the court in the first case held that it could not be enforced for indefiniteness, it was still proper to look to it as a basis for computing the *quantum meruit.*

Is the verdict excessive? Under the theory of the case presented by the pleadings, the plaintiff seeks to recover an amount which would represent the reasonable value of his services. The court instructed the jury as follows:

''You are instructed that in this case the plaintiff is suing to recover an additional amount for services rendered while in the employ of the defendant between March 1, 1934, and September 30, 1935, and while the amount of such recovery is claimed upon the basis of the reasonable value of the plaintiff's services still he entered the employ of the defendant under an express contract and the amount of his recovery is limited by the terms of that express contract. If you find from a preponderance of the evidence that the additional amount to be paid was to be based upon a reasonable percentage of the net profits of the business, then before the plaintiff may recover he must establish by a preponderance of the evidence that the business under his management made a net profit and in that event it would be then incumbent upon you to determine what could be a reason-

able percentage of such net profits to be paid the plaintiff in addition to his salary for the work and services performed for the defendant. If you believe, however, that the question of additional compensation or bonus was to be left entirely to the decision or judgment of Mr. Elliott, of the defendant company, then in that event the plaintiff would not be entitled to any additional compensation. In no event can your award, if any, to the plaintiff exceed the sum of $2,375.68 plus interest at six per cent. per annum from September 30, 1935.''

There is evidence to show that the plaintiff's services were worth from $300 to $350 a month. One witness so testifying did not take into consideration the element of net profits. His testimony would evidently have been exactly the same whether there were net profits or not, and whether the net profits amounted to $4,000 per year or $40,000. His testimony was based entirely upon the number of hours worked by plaintiff and the character of work done by him. He based his conclusion upon what the average employer pays for like services. Another witness, who was familiar to a ''small extent'' with the work performed by plaintiff, in response to the question as to what would be the reasonable value of his services, said: ''I would say from three hundred to three hundred and fifty, depending upon the volume of profit at the end of the year.'' Plaintiff testified that ''a reasonable percentage of the net profits would have been approximately thirty-three and a third per cent.''

Obviously, if the express contract should be resorted to, plaintiff could not receive $300 per month if the net profits did not amount to enough to make up the difference between $175 per month and $300 per month. Under the contract plaintiff was only to receive a reasonable percentage of the net profits. He could under no possible theory receive the entire net profits if the contract is to be given effect.

The court's instruction became the law of the case. Under it the jury was obligated to find what would be a reasonable percentage of the net profits. There was no evidence in the case

from which such determination could be made, other than plaintiff's own statement fixing it at thirty-three and a third per cent. But the verdict cannot have been based on that evidence because the amount of the verdict greatly exceeds thirty-three and a third per cent. of the net profits. Evidently the jury based its verdict upon the testimony of the two witnesses for plaintiff who testified that the reasonable value of plaintiff's services was from $300 to $350 per month. This evidence, as above noted, made no allowance for the limitations fixed in the contract. There was no evidence in the case from which the jury could award a verdict to plaintiff in the sum of $1,900, making its calculations under instruction No. 3. Hence the verdict in that amount cannot stand.

Since the cause must be tried again, we point out one additional feature which appears in the record as now presented. The jury evidently awarded $100 additional compensation per month for nineteen months. The evidence does not show that the store made any net profits from January 31, 1935, to the time plaintiff resigned, some eight months later. On the contrary, the record tends to show there were no net profits during that period. Unless a different showing can be made in that respect on another trial, plaintiff would not be entitled to any additional compensation for that period. In other words, unless there were net profits, plaintiff is limited by his contract to $175 per month.

Other questions have been raised but they require no consideration, since it is not likely they will arise on another trial. The judgment is reversed and the cause remanded for a new trial.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.

Opinion amended and petition for rehearing, filed June 13, 1941, denied on September 11 thereafter. Second petition for rehearing, filed September 20, 1941, denied December 15, 1941.