Bassis, Appellant, *v.* Rutenberg.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*J. Grant McCabe, III,* with him *John Martin, Henry T. Reath* and *Duane, Morris & Heckscher,* for appellant.

*David Freeman* and *Josef Jaffe* submitted a brief for appellee.

OPINION BY HIRT, J., January 14, 1955:

This is an appeal by the plaintiff from the entry of judgment for the defendant on the pleadings.

The action is in assumpsit based upon allegations in the complaint to this effect: Plaintiff is a certified public accountant licensed to practice in the State of New York. He had acted for Morris Rabinowitz in the preparation of his Federal income tax returns for a number of years. In January 1947 Rabinowitz notified plaintiff that his income tax returns for the years 1944 and 1945 were about to be investigated. If there were inaccuracies in these returns plaintiff was not to blame for them. Rabinowitz authorized plaintiff to retain counsel on his behalf and in addition, to do whatever was necessary to protect his interests, with the understanding that counsel would bill Rabinowitz in a lump sum for all the services rendered by him and by plaintiff or others in connection with the investigation. Plaintiff consulted with the New York office of the Bureau of Internal Revenue and in accordance with a suggestion from one in authority there, prepared a complete analysis of the financial affairs of Rabinowitz, for submission as a voluntary disclosure for the years in question. Subsequently the investigation was transferred to the Philadelphia branch of the Bureau, and Rabinowitz then suggested that plaintiff retain and work with Philadelphia counsel of plaintiff's choice, in the settlement of the matter. On March 14, 1947 upon the authority delegated to him, plaintiff retained the defendant, a Philadelphia lawyer, as tax counsel to represent Rabinowitz before the Treasury Department in Philadelphia. In the contract of employment it was understood by defendant that he would compensate plaintiff out of the single fee received from Rabinowitz for all services rendered by plaintiff. Plaintiff thereafter consulted with the de-

fendant in Philadelphia on various phases of the controversy and delivered to him all of Rabinowitz's original records. Plaintiff also gave the defendant the analysis of Rabinowitz's financial affairs which he had prepared for submission to the New York income tax authorities. In a subsequent conference with plaintiff in Philadelphia defendant confirmed his understanding of his agreement to the effect that, out of the total fee received from Rabinowitz for all services rendered, he would compensate plaintiff for the work plaintiff had done or might do in the case. Plaintiff thereafter assisted the defendant and his associates in working out a solution of the dispute and reviewed the final proposed settlement before it was submitted to the Treasury Department. Upon the determination of the investigation Rabinowitz paid the defendant $6,500 in accordance with the understanding that this amount covered the compensation of all persons, including the plaintiff, who had worked on any phase of the proceeding. Plaintiff in his complaint averred that the fair and reasonable value of the services performed by him and accepted by the defendant was $2,000; this suit was brought on *quantum meruit* to recover that amount.

Defendant's answer to the merits raised issues of fact for the jury. But under new matter he interposed the defense of res adjudicata alleging that a judgment for the defendant had been entered upon the same cause of action, in a prior suit in the common pleas of Philadelphia and that the judgment constituted a bar to this proceeding. By reference the record in the prior action was properly incorporated in the pleading. Cf. *Thal v. Krawitz et al.*, 361 Pa. 178, 63 A. 2d 33. The former action was brought upon the plaintiff's allegation of an *express contract* having been entered into wherein defendant was to pay plaintiff a specified

amount for his services. Because in the proofs the evidence was insufficient to support the allegation of a contract price the court entered judgment for the defendant notwithstanding a verdict for the plaintiff in the amount of his claim. In entering the judgment for the defendant in the instant case, from which the plaintiff has appealed, the lower court concluded that there is identity in the cause of action with that of the prior suit. In our view the lower court fell into error in this respect. The judgment will be reversed.

A cause of action based upon an express agreed price for services rendered is not the same as one based upon the value of the services, in the absence of a specific agreement as to their worth. The controlling principle has been thus stated: "The general rule that a judgment for defendant will not bar a subsequent action by plaintiff based on a new and more correct theory applies where plaintiff, in an action to recover on an express contract for services to be rendered . . . has been defeated on the ground that the contract . . . was not proved . . . and he may thereafter sue on the theory of an implied contract or quantum meruit": 50 C.J.S., Judgments, §649. The identical situation here presented has not been before our appellate courts. But there is substantial unanimity in the decisions in other states. In *Lorang v. Flathead Commercial Co.,* 119 P. 2d 273 it was decided by the Supreme Court of Montana that a suit upon a contract, unenforceable because of the absence of proof of a definite agreement as to the rate of compensation, did not bar a subsequent action for the reasonable value of the plaintiff's services rendered under the doctrine of res adjudicata. *Johnson v. Coal Bluff Min. Co.,* 178 N.E. 452 (Ind.) ; *Bottomly v. Parmenter,* 159 A. 302 (N.H.) ; *Meirick v. Wittemann Lewis Aircraft Co., Inc.,* 121 A. 670, 98 N.J.L. 531; *Schleier v. Bonella,* 237 P. 1113

(Col.) ; *Nickoll v. Racine Cloak & Suit Co.*, 216 N.W. 502 (Wis.) ; *Bronzin Holding Co. v. McGee*, 207 N.W. 199 (Minn.) are all to the same effect that a judgment against a plaintiff in an action for compensation on an alleged express agreement does not bar a subsequent action on quantum meruit to recover the reasonable value of the services rendered. Cf. also, *Smith v. Graham*, 112 N.Y.S. 2d 734, aff. in 122 N.Y.S. 2d 793; *Ney v. Zimmerman*, 201 N.Y.S. 788. The controlling principle is stated, in somewhat broader terms, in 30 Am. Jur., Judgments, §210, thus: "The doctrine of res judicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper form of proceeding. In such situation, the plaintiff is entitled to bring the proper proceeding to enforce his cause of action."

A plaintiff cannot maintain successive actions against the same defendant where the evidence needed to sustain the second action would have sustained the first. Restatement, Judgments, §61. But such plaintiff is not precluded from a subsequent suit on a cause of action which his evidence tended to prove, where the second suit is upon a different cause of action from that upon which the first suit was based. Ibid., §52, comment (e). Here, the evidence necessary to sustain plaintiff's claim on quantum meruit is different from the proofs necessary to establish an express contract. Cf. *Magee, Exr. v. Grange Nat. Bank*, 149 Pa. Superior Ct. 477, 27 A. 2d 488. His right of recovery against the defendant, if any, is for the value of his services contributing to the settlement of a claim of the Treasury Department for a deficiency in income taxes. Accordingly it was properly held in the prior action that he could not recover on the theory of an express agreement for compensation. *Diggs v. Tay-*

*lor and Company, Inc.,* 329 Pa. 385, 390, 198 A. 51. Cf. *John Conti Co., Inc. v. Donovan,* 358 Pa. 566, 57 A. 2d 872; *Luzerne Township v. Fayette County,* 330 Pa. 247, 254, 199 A. 327.

This plaintiff could have amended his complaint at the prior trial to a claim for the value of his services on quantum meruit, but he is not prejudiced by the fact that he did not. The cause of action here is not the same as in the prior action and res adjudicata does not operate as a bar.

Judgment reversed with a procedendo.