415 P.2d 361

**CURTIS MANUFACTURING COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**Horace D. BARELA, Defendant-Appellee.**

**No. 7901.**

Supreme Court of New Mexico.

June 13, 1966.

D. A. Grammer, Jr., Ernest A. Polansky, Albuquerque, for appellant.

McRae, Ussery, Mims, Ortega & Kitts, Albuquerque, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal involves the distinction between a judgment and a judgment lien, and raises issues as to res judicata and the effect of a dismissal under Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A.1953).

Curtis Manufacturing Company (hereinafter called Curtis) obtained a money judgment against Barela in the Small Claims Court of Bernalillo County.

Subsequently, in Cause 70960 in the District Court of Bernalillo County, Perez sued Barela to foreclose judgment liens on real estate of Barela. Curtis was one of several defendants. In the answer of Curtis, it claimed a judgment lien against property of Barela. Curtis also filed a "cross-complaint" against Barela, which recited the Small Claims Court judgment and alleged that it had a judgment lien on the same real estate identified in the complaint of Perez, and that its judgment lien should be foreclosed.

A decree of foreclosure was entered and then was set aside. The order setting aside the decree gave Perez leave to file

an amended complaint, which was done. Curtis answered the amended complaint, as did Barela.

Cause 70960 was dismissed under Rule 41(e). The order of dismissal, which was not appealed, provided:

"That this action * * * is dismissed with prejudice to the prosecution of any or further action or proceeding based upon the same causes of action set up in the complaint or the cross-complaint of any party hereto, * * *."

In this cause, Curtis' complaint against Barela sets forth the judgment obtained in Small Claims Court, credits Barela for payments made, and asks judgment for the unpaid balance of the Small Claims Court judgment.

Barela moved to dismiss, alleging two grounds: (1) that the order of dismissal in Cause 70960 is res judicata, and (2) that the order of dismissal in Cause 70960 is a bar to the prosecution of the present action. The trial court sustained the motion and dismissed with prejudice. The ground for the dismissal is not set forth in the order.

To avoid the effect of the order of dismissal in Cause 70960, Curtis asserts that it abandoned its cross-claim because it did not re-allege the cross-claim when it answered the amended complaint. Curtis asserts that Rule 15(e) requires a holding

of abandonment because of failure to re-allege the cross-claim.

Rule 15(e) is not applicable for by its terms it applies to amended or supplemental complaints, answers or replies. Here, there were no supplemental pleadings. The only amended pleading was the complaint of Perez which Curtis answered. Curtis did not amend the cross-claim asserted against Barela.

The cross-claim was still pending when it was dismissed under Rule 41(e). The dismissal of the cross-claim under Rule 41(e) was with prejudice to any further action or proceeding based on the same cause of action set up in the cross-complaint.

Curtis claims that the cause of action asserted in this cause is not the same as the cause of action asserted in the cross-claim. It points out that its cross-claim was to foreclose a judgment lien, while its complaint in this cause was a suit on the judgment obtained in the Small Claims Court. Barela claims that the causes of action are the same because the cross-complaint and the complaint in this suit are both based on Barela's indebtedness to Curtis as represented by the Small Claims Court judgment.

The causes of action are not the same. The judgment in the Small Claims Court was a common law judgment enforceable against Barela and his property

generally.. The judgment lien on real estate is a right established by statute (§ 21-9-6 and § 24-1-22 through § 24-1-25, N.M.S.A. 1953), and did not exist at common law. Pugh v. Heating & Plumbing Finance Corporation, 49 N.M. 234, 161 P.2d 714.

The lien and the judgment, though related, are separate rights. Pugh v. Heating & Plumbing Finance Corporation, supra. This distinction is similar to the distinction between suing on a promissory note and suing to foreclose a mortgage securing the note. Porter v. Alamocitos Land & Livestock Co., 32 N.M. 344, 256 P. 179, stated that:

"One who holds a note secured by a mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate."

■ . The judgment and the judgment lien on real estate being separate rights, they are separate causes of action.

■ The dismissal of the Curtis cross-claim in Cause 70960 was a dismissal of a suit to enforce the judgment lien against the real estate therein described. Further action to enforce the judgment lien against that real estate is barred by the provisions of Rule 41(e), supra.

■ The complaint here is a suit on the Small Claims Court judgment and not a suit to enforce a judgment lien against real estate. The order of dismissal in 70960 is not a bar to this suit.

■ Nor is the complaint barred by the doctrine of res judicata. The doctrine of res judicata in New Mexico is stated in Paulos v. Janetakos, 46 N.M. 390, 120 P.2d 636, 142 A.L.R. 1237; Terry v. Pipkin, 66 N.M. 4, 340 P.2d 840, and Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075. In Salazar, it is stated:

"* * * when a second action is brought between the same parties on a different cause of action, a plea of res judicata will stand only as to questions of fact in issue in the first case which were essential to and entered into the determination of that case. * * *"

■ In Curtis' cross-claim against Barela the issue was the judgment lien on the real estate therein described. The Small Claims Court judgment was not an issue in the cross-claim which was essential to and entered into the determination of the cross-claim.

The cause is reversed with instructions to reinstate the complaint on the docket and proceed in a manner not inconsistent herewith.

It is so ordered.

NOBLE and COMPTON, JJ., concur.