UNITED STATES of America, For and on Behalf of SUNWORKS DIVISION OF SUN COLLECTOR CORPORATION, Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Forest Builders, Inc., Tectonics, Inc. of Florida, Fortec, a joint venture, and Welco Mechanical Contractors, Inc., Defendants-Appellees.

No. 81–1005.

United States Court of Appeals, Tenth Circuit.

Nov. 15, 1982.

Rehearing Denied Dec. 10, 1982.

Robert C. Hanna, Albuquerque, N.M. (William N. Henderson of Atkinson & Kelsey, P.A., Albuquerque, N.M., with him on the brief), for plaintiff-appellant.

Amanda J. Ashford of Campbell, Cherpelis & Pica, Albuquerque, N.M., for defendants-appellees.

Before McWILLIAMS, BARRETT and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Sunworks Division of Sun Collector Corporation (Sunworks) brought suit against Fortec Constructors (Fortec)[1] and others, seeking payment for materials furnished for use on a federal construction project. As alternative grounds for relief, Sunworks claimed it was entitled to recover either under the provisions of the Miller Act, 40 U.S.C. §§ 270a–270d (1976), or under the principle of quantum meruit. After a bench trial on the merits, the district judge dismissed the action, concluding that Sunworks had failed to file timely notice of its claim as required by the Miller Act.[2] The judge did not address the quantum meruit issue. On appeal, Sunworks has abandoned its Miller Act claim, arguing instead that the trial court should have considered the alternative unjust enrichment theory.[3] We agree and therefore reverse.

The Army Corps of Engineers contracted with Fortec, as general contractor, to construct an Armed Forces Reserve Center in Albuquerque, New Mexico. Fortec executed a payment bond with defendant Insurance Company of North America in compliance with the Miller Act, 40 U.S.C. § 270a(a)(2).[4]

Fortec entered into a subcontract with defendant Welco Mechanical Contractors (Welco), in which Welco agreed to procure and install operative solar collectors. Welco in turn contracted with Sunworks to supply the solar collectors.[5] Sunworks completed delivery of the collectors to the project in January 1979. Unbeknown to Sunworks, Welco walked off the project in February

---

1. Fortec is a joint venture of defendant Forest Builders, Inc., a Pennsylvania corporation, and defendant Tectonics, Inc., a Florida corporation.

2. Under the Miller Act,

   [A]ny person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond *shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days* from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made . . . ."

   40 U.S.C. § 270b(a).

3. Federal jurisdiction with respect to the state law quantum meruit claim exists on the basis of diversity of citizenship.

4. 40 U.S.C. § 270a(a)(2) requires in pertinent part:

   "A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. Whenever the total amount payable by the terms of the contract shall be not more than $1,000,000 the said payment bond shall be in a sum of one-half the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $1,000,000 and not more than $5,000,000, the said payment bond shall be in a sum of 40 per centum of the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be *more than $5,000,000 the said payment bond* shall be in the sum of $2,500,000."

5. Fortec also contracted directly with Sunworks for cosmetic nonoperative solar collectors and Nipco valves. *These transactions are* not at issue in this appeal.

before installing the collectors. Fortec then hired another subcontractor to install them.[6]

Welco had arranged to pay Sunworks with three sight drafts. Sunworks presented the drafts for payment in May when it was informed that the collectors had been satisfactorily installed. However, the drafts were not honored. Sunworks notified Fortec of Welco's nonpayment in July 1979. Welco has filed a voluntary bankruptcy petition in Mississippi.

■ Sunworks argues that the trial judge erroneously dismissed the alternative claim against Fortec for the value of the operative solar collectors incorporated into the project by Fortec. This quantum meruit theory of relief is not based on the provisions of the Miller Act, but on principles of common law. Implicit in the district court's dismissal is its conclusion that Sunworks must recover under the provisions of the Miller Act or not at all. We agree with Sunworks that this conclusion is erroneous. Recovery under the Miller Act is not a supplier's exclusive remedy against a general contractor.

The Miller Act provides in pertinent part that:

"Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

" . . . .

"A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person."

40 U.S.C. § 270a(a)(2).

"*Every person who has furnished labor or material* in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under sections 270a to 270d of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, *shall have the right to sue on such payment bond* for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him . . . ."

40 U.S.C. § 270b(a) (emphasis added). Thus, the Act permits an unpaid supplier who complies with the Act's provisions to recover from a payment bond the amount owed him.

The Supreme Court has explained that "the Miller Act was designed to provide *an alternative remedy to the mechanics' liens ordinarily available on private construction projects. . . .* Because 'a lien cannot attach to Government property,' persons supplying labor or materials in a federal construction project were to be protected by a payment bond." *J.W. Bateson Co. v. Board of Trustees,* 434 U.S. 586, 589, 98 S.Ct. 873, 875, 55 L.Ed.2d 50 (1978) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 122, 94 S.Ct. 2157, 2161, 40 L.Ed.2d 703 (1974)) (emphasis added) (citation omitted). Consequently, the nature of mechanics' liens is relevant to the question whether the Miller Act is an exclusive remedy.

■ "A mechanic's lien is a right of a supplier of labor or materials to obtain recourse against real estate improved by the labor or materials in the event that payment for the labor or materials is not made." *Scherer Hardware & Supply, Inc. v. Charles H. Eichel Kraut & Son (In re*

---

**6.** During this period, Sunworks provided technical advice directly to Fortec's job superintendent at his request, but the superintendent did not inform Sunworks that Welco was no longer on the job.

*Scherer Hardware & Supply, Inc.),* 9 B.R. 125, 130 (Bkrtcy.N.D.Ill.1981). Thus a supplier who can resort to a mechanic's lien is in a position analogous to that of a secured creditor who is able to satisfy a debt by recourse to specified property. A supplier who for some reason is unable to avail himself of a mechanic's lien is comparable to a general creditor because he cannot satisfy his claim out of designated property. In essence, he has no security for the amount owed him.

A mechanic's lien is a statutorily created remedy supplemental to other statutory or common law remedies, *see, e.g., In re Warren,* 192 F.Supp. 801, 804 n. 4 (W.D.Wash. 1961); *Welling v. American Roofing & Sheet Metal Co.,* 617 P.2d 206, 209–10 (Okl. 1980). "Enforcement of a mechanics' lien is not the exclusive remedy in regard to the obligation which such lien secures," 53 Am. Jur.2d *Mechanics' Liens* § 340 (1970), but is "separate from and independent of any *in personam* rights ... which the supplier might have against the owner, a contractor, or a subcontractor, by way of contract or otherwise." *In re Scherer Hardware,* 9 B.R. at 130; *see* 53 Am.Jur.2d *Mechanics' Liens* § 340. New Mexico specifically provides that the right to a mechanic's lien created by state statute shall not "be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished to maintain a personal action to recover such debt against the person liable therefor." N.M. Stat.Ann. § 48–2–16 (1978).

■ Like the mechanic's lien statutes, the Miller Act is not an exclusive remedy, *see United States ex rel. Mobile Premix Concrete, Inc. v. Santa Fe Engineers, Inc.,* 515 F.Supp. 512, 517 (D.Colo.1981). Where neither a valid Miller Act nor mechanic's lien claim exists, other statutory or common law remedies may be available to an unpaid supplier. Thus, in *Fidelity & Deposit Co. v. Harris,* 360 F.2d 402 (9th Cir.1966), the court recognized that, in factual circumstances similar to the ones here, a state law claim based on unjust enrichment may justify recovery from a general contractor wholly apart from the Miller Act. *Id.* at 409.

In its quantum meruit claim, Sunworks does not seek recovery from the Miller Act payment bond. Instead it asserts its right to obtain a personal judgment against Fortec, alleging that Fortec has been unjustly enriched because it has utilized the collectors in completing the project and has received payment from the United States, without paying either Welco or Sunworks for the material. Sunworks contends that, as a matter of equity, Fortec should be required to compensate it for the benefit received from the use of material that it supplied.

■ One who has been unjustly enriched at the expense of another may be required by law to make restitution. *Restatement of Restitution* § 1 comments a, b, c (1937). This quasi-contractual obligation is created by the courts for reasons of justice and equity, notwithstanding the lack of any contractual relationship between the parties. *Collins v. United States,* 532 F.2d 1344, 1351 (Ct.Cl.1976); *Bras v. Bras,* 463 F.2d 413, 415 (10th Cir.1972); 1 *Corbin on Contracts* § 19 (2d ed. 1963). New Mexico law recognizes such a cause of action. *See, e.g., Reynolds v. Slaughter,* 541 F.2d 254, 256 (10th Cir.1976); *Allsup v. Space,* 69 N.M. 353, 367 P.2d 531 (1961). In fact, in *Terry v. Pipkin,* 66 N.M. 4, 340 P.2d 840 (1959), New Mexico specifically acknowledged that a subcontractor who has lost his mechanic's lien claim against a property owner may have a claim in quantum meruit where the owner has not paid the general contractor.[7] Therefore, Sunworks may pursue its quantum meruit claim regardless of the availability of a Miller Act remedy.

Accordingly the judgment of dismissal is reversed. The case is remanded for further

---

7. *Compare George M. Morris Constr. Co. v. Four Seasons Motor Inn, Inc.,* 90 N.M. 654, 567 P.2d 965, 969 (1977) (no personal judgment against property owner who had paid contrac-

tor); *Allison v. Schuler,* 38 N.M. 506, 36 P.2d 519, 524–26 (1934) (claim based on implied contract denied; no quantum meruit claim asserted).

proceedings relative to the quantum meruit cause of action.

Reversed and remanded.