IRMA BARTOK NEY, Appellant, v. LEOPOLD ZIMMERMAN and Others, Copartners Doing Business under the Name and Style of ZIMMERMAN & FORSHAY, Respondents.

First Department, November 30, 1923.

**Judgments — res judicata — action to recover for failure to deposit in foreign bank within reasonable time money which was deposited with defendants — former judgment in action based on specific agreement to make deposit and deliver bank book is not res judicata.**

In an action to recover money deposited with the defendants under an agreement that the defendants would deposit an equivalent of kronen in a Hungarian bank, which is based on the failure of the defendants to make the deposit within a reasonable time, a judgment in a prior action between the same parties in favor of the defendants, in which the plaintiff sought to recover damages for the breach of a specific agreement to make the deposit immediately and to deliver to the plaintiff the book, evidencing the deposit, within six weeks from the date of the agreement, is not *res judicata*, since the issue involved in the former action was whether or not the specific agreement alleged in the complaint was made by the defendants, whereas the basis of this action is a contract implied in law that the defendants would make the deposit within a reasonable time.

APPEAL by the plaintiff, Irma Bartok Ney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of March, 1923, granting the defendants' motion for judgment dismissing the complaint, and also from the judgment entered in said clerk's office on the 9th day of March, 1923, pursuant to said order.

*Barnett E. Kopelman,* for the appellant.

*Louis Werner* [*Osmond K. Fraenkel* of counsel], for the respondents.

SMITH, J.:

This action is brought to recover against the defendants for failure to deposit kronen in a Hungarian bank. There are two causes of action alleged, and there is but a single question of law involved. The defendants set up that there is a cause of action pending involving the same subject-matter, and also that a judgment has been rendered in favor of the defendants in another action brought upon the same cause of action. The facts appearing, upon motion the complaint was dismissed as barred by this prior judgment.

There is no proof of any other pending action. The only question involved is whether in the former action the judgment for the defendants upon the cause of action therein alleged is a bar to the maintenance of this action.

First Department, November, 1923.            [Vol. 207

The plaintiff deposited with the defendants the sum of $2,266 upon an agreement to deposit the same in an Hungarian bank. The allegation in this complaint is that this deposit was not made within a reasonable time, and the plaintiff seeks to recover the amount of moneys deposited by reason of the failure of defendants to make the deposit. The prior action, which is claimed to be *res adjudicata* and which has been so held by the Special Term, was brought upon this same transaction under an allegation that the defendants agreed to make the said deposit immediately, and that a book evidencing such deposit should be delivered to the plaintiff within six weeks. That action was tried, the jury found for the defendants upon the question of fact as to whether any such contract had been made, and judgment was rendered for the defendants upon the verdict of the jury.

In our judgment this prior judgment is not a bar to the bringing of this action. It was necessary for the plaintiff, in order to establish her right to recovery in the former action, to prove the specific contract that the deposit was to be made immediately and that the bank book was to be delivered to her within six weeks. That was the question submitted to the jury, and the trial judge in submitting the case to the jury charged them as follows: " Gentlemen of the Jury: I will first tell you what this case is not. It is not an action brought by the plaintiff to recover from the defendant for failure to deliver within a reasonable time. * * * Whatever you would find or might find has nothing to do with the issue which is being submitted to you in this case, which is, whether or not the defendant entered into the oral agreement that the plaintiff alleges and sets forth. If you find that the plaintiff and defendant did enter into that oral agreement, I will say to you, and the defendant will agree with me, return a verdict in favor of the plaintiff for the amount sued for. * * * As I said before, the whole case stands or falls upon the existence of that oral agreement. The plaintiff stands on that; that is her cause of action. Not whether the defendant failed to deliver within a reasonable time, but whether the plaintiff made this agreement that they were to deliver within six weeks or return the money and did not do it. The defendants admit that they did not do it, and they admit that if you find they made that agreement, they should do it. But they deny they made that agreement. That is the point for you to decide. Did the defendants enter into any such oral agreement with the plaintiff in which they agreed to deliver the bank book within six weeks or United States currency to the amount that was entrusted to them? "

It will thus be seen that the question submitted to the jury was

the sole question as to this specific agreement to deliver this bank book within six weeks. The action at bar does not proceed upon that contract, but proceeds upon a contract implied in law, that they were to make delivery within a reasonable time. The question as to what was a reasonable time was not an issue as charged by the trial court in the case decided. It is an issue in the case now presented by the complaint. It would be a miscarriage of justice to hold that because the plaintiff failed to establish the specific agreement alleged in the complaint, nevertheless the plaintiff would be barred from the right to recover the amount which, under the law, she would be entitled to recover for failure of the defendants to deliver the bank book or to make the deposit within a reasonable time.

One of the cases strongly relied upon by the respondents is the case of *Maeder* v. *Wexler* (98 App. Div. 68; affd., 182 N. Y. 519). But that was a case where there was an action brought to foreclose a mechanic's lien, and the court there held specifically that the plaintiff was entitled to recover nothing, because the plaintiff had failed to perform his contract, which was the basis of the cause of action and of the lien sought to be foreclosed. Such a judgment, of course, would be a bar to a subsequent action brought to recover for the value of the services, as upon a *quantum meruit,* because there was a conclusive finding that for failure to perform the contract the plaintiff was not in a position to demand compensation from the defendant. Many cases might be cited which hold that a former judgment, in order to constitute a bar, must be a judgment upon the same cause of action, a judgment in an action in which the plaintiff would be required to present the same evidence in order to be entitled to a judgment.

In *Marsh* v. *Masterton* (101 N. Y. 401) it was held that a judgment in a former suit between the same parties is a bar to a subsequent action only when the point or question in issue is the same in both. The former judgment has no effect upon questions not involved in it, which were not then open to inquiry or the subject of litigation; and it was there held that, although the plaintiff might have amended his complaint so as to include the claim upon which he sought in the action pending to recover, nevertheless he was not bound to do so, but might stand upon the cause of action which he alleged. He had alleged a cause of action upon a partnership entitling him to one-half the profits of a joint venture. The action decided, from which quotation is made, was an action subsequently brought to recover as an employee under a contract to be paid one-half the profits of the venture.

In *Belden* v. *State* (103 N. Y. 1) judgment absolute was rendered

by the Court of Appeals against the State in a prior action by it to recover the whole amount paid on contract, upon which overpayment was made, on the ground of defendant's fraud in procuring such payments. Judgment went to the defendant upon the ground that the plaintiff had failed to establish fraud. Thereafter the State brought an action to recover the payment in excess of the sum due on contract. The contention was made that the action was not maintainable, the first action being *res adjudicata.* It was held that the action was maintainable, for the reason that the issues in the second action, although having relation, in a measure, to the issues in the first, were not the same; and that, as the issues in the second action were not directly litigated in the first action, the judgment in the first action was not a bar to the maintenance of the second action. Judge DANFORTH, in writing for the court, said: " Such a judgment presents no obstacle to the recovery of money paid by the State officers in ignorance that the amount of work and materials in the estimates on which they acted, was incorrectly stated and in excess of that really done or furnished, and under a mistake as to those facts. That question was neither litigated nor decided in the former action, nor could it have been. It was not involved in the pleadings, nor presented for determination. Moreover, evidence, however ample to warrant a recovery for money paid under a mistake of fact, would be wholly insufficient to show that its payment was procured by fraud. The cause of action is not the same."

In *Stowell* v. *Chamberlain* (60 N. Y. 272) it was held that in order to make a former judgment a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause of action alleged in the second; and that it is not enough that the transactions involved in and giving rise to the two actions are the same. At page 276 Judge ALLEN says: " It is not sufficient that the transactions involved in and giving rise to the two actions are the same; the causes of action must be identical to the extent that the same evidence will support both." On page 278 the court further says: " The evidence was the same in the two actions only up to a given point, and from that point there was a divergence, showing conclusively that the causes were not the same."

In *Mincer* v. *Green* (47 Misc. Rep. 374) it was held that a judgment for defendant in an action on an account stated is no bar to an action for goods sold and delivered, though such sale and delivery was a subject in reference to which it was claimed there had been an account stated.

In *Walar* v. *Rechnitz* (126 App. Div. 424) it was held that where

an action was strictly limited to the theory of an express contract, a judgment for defendant was not a bar to an action on a *quantum meruit.* (See, also, *Gall* v. *Gall,* 17 App. Div. 312.)

We think that the Special Term erroneously decided that the judgment in the first action was a bar to this action, and that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs, with leave to defendants to answer on payment of said costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment and order reversed, with costs to appellant, and the motion denied, with ten dollars costs, with leave to defendants to answer within twenty days from service of order upon payment of said costs.