## GREAT ATLANTIC & PACIFIC TEA CO. v. WEST.

(Court of Appeals of District of Columbia.
Submitted October 8, 1925.   Decided
January 4, 1926.)

No. 4211.

1. **Judgment** ⬅725(6)—**Decree in injunction suit held res judicata in subsequent landlord and tenant proceeding on question of validity of covenant in lease.**

Decree in tenant's injunction suit against landlord and others based on covenant in lease not to lease adjoining premises to competitor of tenant *held* res judicata in subsequent landlord and tenant proceeding on question of validity of such covenant.

2. **Judgment** ⬅713(2)—**Extent to which judgment is res judicata stated.**

Judgment on merits in former suit between same parties or their privies on same cause of action is conclusive, not only of every matter offered and received to sustain or defeat claim, but of every other matter which might have been litigated and determined.

In Error to the Municipal Court of the District of Columbia.

Landlord and tenant proceeding by William D. West against the Great Atlantic & Pacific Tea Company.   Judgment for landlord, and tenant brings error.   Affirmed.

J. V. Morgan and H. H. Obear, both of Washington, D. C., for plaintiff in error.

Louis Ottenberg, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.   This was a landlord and tenant proceeding in the municipal court, resulting in a judgment of possession against the plaintiff in error.   The controlling facts in the case are beyond dispute.

On February 1, 1923, S. C. Dawson was the owner of a certain building in the city of Washington, containing two storerooms, one of which was then vacant.   The other room was occupied as a retail grocery store by the Great Atlantic & Pacific Tea Company under a lease from Dawson, duly acknowledged, but not of record, for a term of one year from that date, with the privilege of three successive annual renewals, at a rental of $100 a month payable in advance, and with a stipulation for re-entry by the lessor in case of default in the payment of the rent when due.   The lease contained also the following covenant upon the part of the lessor, to wit:

"(4) That he will not lease, rent, or permit to be occupied as a store in which groceries are sold at retail any premises owned or leased by him, or by his legal representatives, not now occupied as such a store, within a distance of 500 feet from the premises hereby demised, so long as the last-mentioned premises are occupied by the lessee.   In the event of a breach of this covenant, no further rent shall be due or payable from the lessee under this lease or any renewal thereof, and the lessee shall be entitled forthwith to full and adequate relief, by injunction and otherwise, from the consequences of such breach of covenant."

It was provided also that:

"The provisions of this lease shall bind and shall inure to the benefit of the parties hereto and their legal representatives.   The term 'legal representatives' is used in this lease in its broadest possible meaning, and includes, in addition to executors and administrators, every person, partnership, corporation, or association succeeding to the interest, or any part of the interest, in or to this lease, or in or to the leased premises, of either the lessor or lessee herein, whether such succession results from the act of a party in interest, occurs by operation of law, or is the effect of the operation of law, together with act of such parties."

Afterwards, in May, 1923, the lessor, Dawson, sold and conveyed the building to Verner E. Welte, subject to the lease of the Atlantic & Pacific Company.   At this time the second storeroom was still vacant.   In the month of July following Welte leased the vacant room to the Sanitary Grocery Company, knowing that it would be occupied by that company as a retail grocery store, and the lessee went into possession at once.   The Atlantic & Pacific Company thereupon protested against this action, and, relying upon the foregoing covenant in their lease, they refused to pay any installment of rent for their storeroom after that date.   Welte afterwards conveyed the property to William D. West, the appellee, who admittedly succeeded to no more than the rights and obligations of Welte in the premises.

On August 6, 1923, the Atlantic & Pacific Company, as plaintiff, brought suit against Welte, West, and the Sanitary Grocery Company as defendants, in the Supreme Court of the District of Columbia, setting out the foregoing facts, claiming that they had notified the Sanitary Company of the "noncompetitive" covenant in their lease before that company had taken possession of the

vacant storeroom under its lease, and praying the court to enjoin the Sanitary Company from further occupying or using the leased storeroom as a retail grocery store; also to enjoin Welte from receiving any rent from said premises so long as the same should be occupied by the Sanitary Grocery Company as a retail grocery store, and that the lease to it should be canceled and the company be perpetually enjoined from using the premises as aforesaid; that the court should assess damages against Welte in such sum as the plaintiff had suffered by reason of the violation of the covenant in the lease of the Atlantic & Pacific Company; and for such other and further relief as to the court should seem meet and proper.

The defendants filed their respective answers; Welte claiming, among other things, that the restrictive covenant aforesaid was not a covenant running with the land, and therefore was not binding upon him, but imposed only a personal obligation upon Dawson. The Sanitary Company in its answer claimed in part that it had not in fact received notice of the aforesaid terms of the plaintiff's lease, nor did it have any knowledge thereof, until it had taken possession of the storeroom under its lease. Upon a trial of the issues the court entered a final decree against the Atlantic & Pacific Company, which thereupon took an appeal to this court. After the appeal was docketed in this court, however, it was voluntarily dismissed by the appellant.

In the meantime, to wit, on November 5, 1923, Welte, who was still the owner of the property, began the present landlord and tenant proceeding in the municipal court against the Atlantic & Pacific Company, seeking to recover the possession of the storeroom occupied by it, because of the company's refusal to pay the stipulated rent when due. The Atlantic & Pacific Company defended upon the ground that it was released from the obligation to pay rent under the lease, owing to the violation by the lessor of the restrictive covenant contained in its lease. The municipal court heard the case and entered judgment of possession against the Atlantic & Pacific Company, which thereupon by leave prosecuted error to this court.

[1] It appears that during the pendency of the present proceeding in error in this court the Atlantic & Pacific Company vacated the leased premises, for which reason the appellee claims that the question herein presented is moot. Upon the foregoing facts we hold that the final decree entered against the Atlantic & Pacific Company by the Supreme Court of the District of Columbia in the suit brought by that company against Welte, West, and the Sanitary Grocery Company as aforesaid, was an adjudication of the sole issue which is presented by the Atlantic & Pacific Company in this case; and since that decree still stands unappealed and unmodified, it serves to foreclose the Atlantic & Pacific Company from again litigating the issue in this proceeding. The fact that the Sanitary Grocery Company was a party in the former case, but not in this, is immaterial. 2 Black Judgments, § 543. In that case, as in this, the question of the validity of the restrictive covenant was the real issue between Welte, West, and the Atlantic & Pacific Company, and was passed upon by the court. It is true that the respective methods of relief sought in the several cases by the Atlantic & Pacific Company were different, but the same underlying cause of action or right to relief was in dispute in both cases.

[2] A party cannot escape the bar of a judgment against him by bringing a new suit on the same cause of action, but in a different form of action or proceeding. 23 Cyc. 1167. A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. 23 Cyc. 1170.

Accordingly we affirm the judgment of the municipal court, with costs.