**STODDARD v. MORRIN et al.**

**No. C. A. 14781.**

United States District Court for the District of Columbia.

April 2, 1942.

John G. Stoddard of Herndon, Va., plaintiff in pro. per.

Martin F. O'Donoghue, of Washington, D. C., Harold Stern, of New York City, and Thomas X. Dunn, of Washington, D. C for defendants.

BAILEY, Justice.

Certain of the defendants have moved to dismiss the complaint upon the grounds:

1. That the complaint fails to state a cause of action; 2, that the same claim has been adjudicated in another action brought in this court; and 3, that in the same action judgment was entered in favor of the defendants. An affidavit supporting these facts has been filed as a part of the motion.

The question to be determined as to the 2nd and 3rd grounds of the motion is whether a motion to dismiss based on grounds not appearing on the complaint will lie. Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A., provides that six classes of defenses may be made by motion. None of the first five of these involve the question here presented. The sixth ground upon which a motion may be based is: "failure to state a claim upon which relief can be granted." Some courts have held that although nothing may appear on the face of the complaint which shows that the cause of action is barred by res judicata, that fact may be shown by affidavit and upon that being done a motion to dismiss will lie. I do not agree with this view. A complaint may state a claim upon which relief can be granted. If it does not a motion to dismiss will lie. To hold otherwise would permit any defense to be raised by affidavit as a basis for a motion. I do think that if a complaint shows on its face that the cause of action is barred by laches or the statute of limitations a motion to dismiss will lie, and this is in accordance with the practice under the old equity rules, but the present rules in my opinion require that the defense of res judicata should be raised "in the responsive pleading."

The motion to dismiss should be overruled.