**Albert ABRAMSON, t/a Harvard Towers Apartments, Appellant,**

v.

**Charles John GRADY, Appellee.**

No. 4073.

District of Columbia Court of Appeals.

Argued July 17, 1967.

Decided Oct. 18, 1967.

Blaine P. Friedlander, Washington, D.C., with whom Mark P. Friedlander, Mark P. Friedlander, Jr., Washington, D.C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Cyrus A. Ansary, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

This is an appeal from an order granting a motion to dismiss appellant's complaint on the ground of res judicata.

On October 29, 1965, appellant Abramson filed a verified complaint against appellee Grady for rent for the month of October 1965, redecorating costs, and late charges. The complaint alleged that the parties had entered into a lease of an apartment at Harvard Towers for a period of one year, commencing on October 1, 1965 and ending on September 30, 1966, and that Grady had vacated the apartment during the first part of October without paying rent and without notice. Grady filed a general denial. Later, in answers to interrogatories and to requests for admissions, he specifically denied the validity of the lease and set forth certain alleged oral agreements covering the terms of the tenancy. The trial judge made a general finding for Grady and subsequently denied Abramson's motion for new trial. No appeal was taken from the judgment entered.

On March 29, 1966, Abramson filed a second verified complaint for rent for the months of September and October, 1965, alleging an agreement to lease the same apartment for one year, in consideration of which one month's free rent was to be given. It was further alleged that prior to Abramson's acceptance of the lease Grady vacated the premises without paying rent for the month of September and without giving a proper statutory thirty-day notice. The motions judge, with the record of the prior action before him, granted Grady's motion to dismiss this second action on the ground of res judicata.

It is first urged that it was error to grant the motion since, for the purposes

of a motion to dismiss, appellant's verified complaint must be taken as factually correct and the defense of res judicata must be raised affirmatively and proven. The general rule is that res judicata should properly be raised in a responsive pleading, and not by a motion addressed to the sufficiency of the complaint, Scholla v. Scholla, 92 U.S.App.D.C. 9, 201 F.2d 211, cert. denied, 345 U.S. 966, 73 S.Ct. 951, 97 L.Ed. 1384 (1953); Stoddard v. Morrin, 8 F.R.D. 375 (D.D.C.1942); Block v. Wilson, D.C. Mun.App., 54 A.2d 646 (1947). On occasion, however, a complaint may be dismissed on the ground of res judicata, with the court taking judicial notice of a prior action between the parties, if it can be determined that the cases are essentially the same. Gullo v. Veterans Cooperative Housing Ass'n, 106 U.S.App.D.C. 70, 269 F.2d 517 (1959); Scholla v. Scholla, supra. The question is whether such a determination can be made on motion in this case.

■ The general principles of res judicata have been applied in this jurisdiction[1] and are not challenged. The dispute here is whether, conceding all facts well pleaded, it is clear from the second complaint that no cause of action is stated because the specific issues there raised have been settled by prior litigation. It is apparent from the briefs and argument on appeal that the factual positions of the parties on the question of the issues raised and settled in the first trial are in conflict, and as the motions

judge had the record of the prior case before him when he ruled on the motion to dismiss we have likewise examined that record in an attempt to ascertain the facts.[2] From our examination it would appear that the trial judge did find that the lease agreement never came into existence since it was withdrawn prior to acceptance. What further findings, if any, he made as to the nature of the tenancy, the term of occupancy, or the payment of rent are not clear from the record. No formal findings were made and there is no transcript of the proceedings. Thus, while the motions judge of necessity must have found the two actions to be essentially the same, we are of the opinion that a proper determination of what issues were actually litigated and neccessarily determined in the first action cannot be made on the record in this case. We therefore hold that it was error to grant the motion to dismiss.

Appellant also questions the application of res judicata to this action, claiming that it is excepted under those cases which hold that when a suit is based upon an express contract and it is determined at trial that no valid contract exists, one is not necessarily barred from further suit on a noncontractual basis.[3] In view of our holding here we think this issue premature and express no opinion on it.

Reversed with directions to reinstate the complaint.

1. Spilker v. Hankin, 88 U.S.App.D.C. 206, 188 F.2d 35 (1951); Great Atlantic & Pacific Tea Co. v. West, 56 App.D.C. 103, 10 F.2d 898 (1926); Scholl v. Tibbs, D.C.Mun.App., 36 A.2d 352 (1944).

2. Hall v. Hollywood Credit Clothing Co., D.C.Mun.App., 147 A.2d 866 (1959); Antonelli v. Smith, D.C.Mun.App., 113 A.2d 570 (1955); Hall v. Field Enterprises, D.C.Mun.App., 94 A.2d 479 (1953).

3. Bassis v. Rutenberg, 177 Pa.Super. 339, 110 A.2d 897 (1955); Lorang v. Flathead Commercial Co., 112 Mont. 146, 119 P.2d 273 (1941); Bottomly v. Parmenter, 85 N.H. 322, 159 A. 302 (1932); Stothard v. Shanley, 166 Minn. 134, 207 N.W. 198 (1926); Schleier v. Bonella, 77 Colo. 603, 237 P. 1113 (1925); Meirick v. Wittemann Lewis Aircraft Co., Inc., 98 N.J.L. 531 (Ct.Err. & App.), 121 A. 670 (1923); Ney v. Zimmerman, 207 App. Div. 195, 201 N.Y.S. 788 (1923). See also Gill v. Gill, 79 U.S.App.D.C. 357, 147 F.2d 154 (1945).