**Dorothy OSEI–KUFFNOR, Appellant,**

v.

**Maria A. ARGANA, Appellee.**

**No. 92–CV–148.**

District of Columbia Court of Appeals.

Submitted Dec. 11, 1992.

Decided Jan. 8, 1993.

Roger E. Greenberg, Andrew E. Bederman, Silver Spring, MD, Madalyn E. Johns, Rockville, MD, for appellant.

Michael T. O'Bryant, Silver Spring, MD, for appellee.

Before ROGERS, Chief Judge, and FERREN and KING, Associate Judges.

ROGERS, Chief Judge:

Appellant, Dorothy Osei–Kuffnor, appeals from the grant of judgment under

---

Super.Ct.Civ.R. 12(c) to appellee Maria A. Argana on the grounds that the motions judge erred in ruling that her personal injury claim was barred by *res judicata*. We affirm.

## I

Appellant filed a complaint in the Superior Court of the District of Columbia against appellee Maria Argana on February 11, 1991. Appellee answered on February 21, 1991, and filed a motion for judgment on the pleadings under Super.Ct.Civ.R. 12(c) on August 9, 1991, on the grounds of *res judicata.*

Appellee's motion stated that appellant's personal injury action had been adjudicated in the District Court of Maryland for Prince Georges County. Attached to appellee's memorandum of points and authorities was a certified copy of a judgment entered by the Maryland Court. The judgment listed appellant as plaintiff and appellee and Maryland Automobile Insurance Fund as defendants in a small claims complaint filed on February 2, 1990.[1] It also showed that following a trial before Judge Nolan on April 26, 1990, judgment was entered in favor of appellee. Relying on *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 473 (D.C.1983), appellee maintained that because a prior judgment on the merits exists, appellant's suit in the District of Columbia had to be dismissed. Appellee noted, in anticipation of appellant's claim that appellee had waived the defense by not pleading it in her answer, as required by Super.Ct.Civ.R. 8(c), that since appellant was not prejudiced by unfair surprise, this was not fatal, citing *Flippo Construction Co. v. Mike Park's Diving Corp.*, 531 A.2d 263, 267 (D.C.1987), as well as decisions from other jurisdictions creating an exception to that requirement under Fed.R.Civ.P. 12(c).

In · opposition to the motion, appellant argued that appellee had failed to provide any substantiation for the allegation that the Maryland lawsuit evolved from the same set of facts as those in the instant case, and that appellee had failed to raise the *res judicata* defense in her answer. In her memorandum of points and authorities appellant noted that the judgment attached to appellee's memorandum did not reflect the date of the accident or the cause and circumstances of the claim made by the plaintiff against the defendant, and hence, the motions judge could not make any finding as to the nature of the lawsuit filed in the Maryland District Court. She relied on *Abramson v. Grady*, 234 A.2d 174, 175 (D.C.1967). Appellant also claimed surprise based on the fact that she was unaware of the consequences of filing suit in Maryland and appellee had failed to notify appellant's counsel of that prior suit.

## II

On appeal appellant contends that the motions judge erred in granting appellee's motion for judgment on the pleadings on *res judicata* grounds. She maintains that appellee failed to prove that the Maryland and District of Columbia lawsuits are the same because the copy of the judgment did not describe the cause of action in the Maryland case.

### A

This court has held that our review of the grant of judgment for failure to state a cause of action under Super.Ct.Civ.R. 12(b)(6) is *de novo*. *Johnson–El v. District of Columbia*, 579 A.2d 163, 166 (D.C.1990). Rule 12(c) is substantially similar to a 12(b)(6) motion. *See* 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1371 at 544 (2d ed. 1990). Likewise, our review of the grant of summary judgment under Super.Ct.Civ.R. 56 is also *de novo*. *Holland v. Hannan*, 456 A.2d 807 (D.C.1983). Accordingly, it follows that our review of the grant of judgment under Rule 12(c) is *de novo*.

1. The judgment indicated that Maryland Automobile Insurance Fund was dismissed as a party defendant on March 28, 1990.

## B

■ A trial court may take judicial notice of a prior case between the two parties "if it can be determined that the cases are essentially the same." *Abramson v. Grady, supra,* 234 A.2d at 175; *Scholla v. Scholla,* 92 U.S.App.D.C. 9, 10–11, 201 F.2d 211, 212–13, *cert. denied,* 345 U.S. 966, 73 S.Ct. 951, 952, 97 L.Ed. 1384, 1385 (1953). The court in *Abramson v. Grady* concluded that the trial court erred in granting a motion to dismiss a complaint for rent due on the grounds of *res judicata* because it could not be determined from the record whether the two lawsuits were essentially the same. *Abramson v. Grady, supra,* 234 A.2d at 175. In particular, the court stated that "[i]t is apparent from the briefs and argument on appeal that the factual positions of the parties on the question of the issues raised and settled in the first trial are in conflict." *Id.* Further, the court observed, based on its own review of the record of the prior case, that while it did appear that a lease agreement had never come into existence, the motions judge had not made formal findings regarding the nature of the tenancy, the terms of occupancy, or the payment of rent, and these matters were not clear from the record, which did not include a transcript. *Id.*

■ In contrast to *Abramson v. Grady,* there is a transcript of the proceedings in the trial court which clearly reveals that there are no material disputed facts in the instant case. Appellee asserted in her pleadings and in argument before the motions judge that the Maryland and District of Columbia lawsuits were the same, and attached a certified copy of a court judgment to her pleading in support of her assertion. Appellant has never contested that there was a prior lawsuit between herself and appellee or that the certified copy of the judgment did not refer to such a suit. Nor has she claimed that the Maryland lawsuit did not arise out of the same accident or proffer any document, by affidavit or otherwise, to show that the two lawsuits were not the same. Even at oral argument she did not suggest to the motions judge what the Maryland lawsuit involved and why it differed from the instant lawsuit; nor did she offer a copy of a pleading from the Maryland lawsuit to show that the two suits were different. Instead, she asserted only that appellee had failed to show that the facts and occurrence at issue in the two cases was the same.

Even if appellee's motion is properly viewed as one for summary judgment, *see Launay v. Launay Inc.,* 497 A.2d 443, 447 (D.C.1985) (addition of material to the pleadings converts the proceeding from Rule 12(c) to Rule 56 summary judgment proceeding), appellant never filed a statement pursuant to Super.Ct.Civ.R. 12–I(k) setting forth material issues of disputed fact. *See Wyman v. Roesner,* 439 A.2d 516, 519 (D.C.1981) (once the movant has made a prima facie showing, opposing party, to prevail, must rebut with specific evidence). In her opposition to appellee's motion for judgment appellant had ample opportunity to demonstrate why the lawsuits were not the same. Moreover, as the argument before the motions judge makes clear, appellant's contentions about waiver and notice were presented in a manner that was tantamount to an admission that she had filed the same suit in more than one jurisdiction.

Under these circumstances, the motions judge could properly conclude that because the two lawsuits were essentially the same, and because appellant's other contentions were unpersuasive, the instant lawsuit is barred by *res judicata.*

■ Appellant's contention that appellee waived the affirmative defense of *res judicata* because she did not plead it in her answer fails. Her reliance on *Flippo Construction v. Mike Park's Diving Corp., supra,* 531 A.2d at 267 (generally failure to state claim results in waiver), and *Goldkind v. Snider Brothers, Inc., supra,* 467 A.2d at 471 (failure to plead defense constitutes a waiver), is misplaced. These cases provide for an exception to the general waiver rule. *See Flippo Construction Co. v. Mike Park's Diving Corp., supra,* 531 A.2d at 267 (no prejudice where motion for summary judgment put non-movant on no-

tice of the defense and allowed them an opportunity to respond); *Goldkind v. Snider Brothers, supra,* 467 A.2d at 472 (where "an affirmative defense is raised by motion at the pleading stage, courts will generally ignore the technical requirements" of the rule); Super.Ct.Civ.R. 8(c). The court has read Rule 8(c) in light of Super.Ct.Civ.R. 15(a) and noted the trend toward a flexible interpretation of Rule 8(c), especially in the absence of substantial prejudice. *See Whitener v. WMATA,* 505 A.2d 457, 458 (D.C.1986). Appellant has failed to claim surprise as would demonstrate that she was prejudiced.[2] Appellee pled *res judicata* while the case was still at the pleading stage and appellant had ample notice and opportunity to respond to the claim.

 Appellant's other contention, that *res judicata* does not apply because the amount of damages that she seeks in the instant case is substantially greater than she could have recovered in the Maryland lawsuit as a result of the jurisdictional limit of the Prince Georges County District Court, is also unpersuasive. *Res judicata* is based on the premises that "the aggrieved party should be given but one opportunity to allege that wrong ... [and] where the facts that give rise to a legal action are fully litigated in one forum, there is no rationale for relitigating those facts elsewhere." *Henderson v. Snider Bros., Inc.,* 409 A.2d 1083, 1086 (D.C.1979). The fact that the jurisdictional amount of the D.C. Superior Court is greater than the jurisdictional amount of the Prince Georges County District Court does not demonstrate that the underlying facts and claims in the instant case have not already been adjudicated in the Maryland case. *See also Sartori v. Soc. of American Military Engineers,* 499 A.2d 883, 888 & n. 8 (D.C.1985) (trend of modern pleadings is not to allow plaintiff to split cause of action by filing in two jurisdictions) (citing RESTATEMENT (SECOND), JUDGMENTS § 26 at 233–34 (1982 ed.)); *Tutt v. Doby,* 148 U.S.App.D.C. 171, 175, 459 F.2d 1195, 1199 (1972) (doctrine of estoppel designed to discourage splitting of a cause of action) (citing *Tillman v. National City Bank of New York,* 118 F.2d 631, 634 (2d Cir.), *cert. denied,* 314 U.S. 650, 62 S.Ct. 96, 86 L.Ed. 521 (1941)).

Accordingly, we affirm the judgment.

---

2. Appellant contends that she was prejudiced because her lawyer did not know about the Maryland case. This court cannot imagine why it is the defense's responsibility to fill in gaps a plaintiff chooses not to tell her own lawyer. The trial judge was of the same opinion.