**Gale S. MOLOVINSKY, Appellant,**

v.

**The MONTEREY COOPERATIVE, INC., et al., Appellees.**

**No. 95–CV–1535.**

District of Columbia Court of Appeals.

Argued Oct. 10, 1996.

Decided Dec. 16, 1996.*

As Amended Jan. 30, 1997.

■

---

* This case was originally decided by a Memorandum Opinion and Judgment on December 16, 1996. It is being published, with the addition of note 2, *infra,* upon the court's grant of appellees' motion to publish.

Gale S. Molovinsky, pro se.

Richard C. Eisen, Washington, DC, for appellees.

Before FERREN, STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

Appellant Gale S. Molovinsky filed a small claims suit demanding the return of his earnest money deposit under a cooperative apartment purchase agreement which fell through. After settling the claim and dismissing the suit with prejudice, Molovinsky filed suit in the Civil Actions Branch, which had general jurisdiction, demanding $400,000 compensatory and punitive damages on a breach of contract theory and a statutory discrimination theory. The trial court ruled that the contract count was barred under the doctrine of *res judicata*, and that the dis-

crimination count was barred by the statute of limitations.

■ 1. *Breach of contract count:* Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits "embodies all of a party's rights arising out of the transaction involved," *Stutsman v. Kaiser Foundation Health Plan of Mid–Atlantic States, Inc.*, 546 A.2d 367, 370 (D.C. 1988), and precludes relitigation in a subsequent proceeding of all issues arising out of the same cause of action between the same parties or their privies, whether or not the issues were raised in the first trial. *Faulkner v. Government Employees Ins. Co. (GEICO)*, 618 A.2d 181, 183 (D.C.1992); *Washington Medical Center, Inc. v. Holle*, 573 A.2d 1269, 1280–81 (D.C.1990); *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C.1989); *Henderson v. Snider Bros., Inc.*, 439 A.2d 481, 484–85 (D.C.1981) (en banc). Such a judgment "estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." *Faulkner, supra*, 618 A.2d at 183 (quoting *Cromwell v. Sac County*, 94 U.S. 351, 353, 24 L.Ed. 195 (1876)).[1]

■ Molovinsky does not take issue with these general propositions. Rather, he argues that *res judicata* is inapplicable to his situation, because the Small Claims Branch lacked the jurisdictional competence to grant

a judgment for his current counts. We rejected this same type of argument in *Osei–Kuffnor v. Argana*, 618 A.2d 712, 715 (D.C. 1993). There, a plaintiff had unsuccessfully sought relief for an auto accident in the Prince George's County District Court in Maryland, a court of limited jurisdiction, and subsequently sought to recover in an action filed in the Superior Court here. We rejected her argument that *res judicata* did not apply because the damages sought here were far greater than she could have recovered in the District Court in Maryland. We reasoned that *res judicata* is based on a premise that the aggrieved party should be given but one opportunity to allege that wrong. That rationale determines this case.[2] The trial court correctly ruled that Molovinsky's entire cause of action based on Monterey's alleged breach of contract was extinguished as a result of the earlier small claims suit.[3]

2. *Discrimination count:* The trial court granted summary judgment dismissing Molovinsky's discrimination count[4] on the ground that the one year statute of limitations ("SOL") contained in D.C.Code § 1–2544(a) for claims filed under the District of Columbia Human Rights Act ("DCHRA") had expired. *Jones v. Howard Univ.*, 574 A.2d 1343, 1345 (D.C.1990) ("The limitations period for a civil action brought pursuant to the DCHRA is one year."). The complaint here was filed three years after the date of the

---

1. Molovinsky does not suggest that a dismissal with prejudice based on a settlement agreement should be treated any differently than a judgment. See Super.Ct.Civ.R. 41(a)(1)(ii) (filing of a stipulation of dismissal with prejudice operates as an adjudication on the merits), made applicable to the Small Claims and Conciliation Branch via Super.Ct.Sm.Cl.R. 2.

2. *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 24 comment g & illustrations 13–15 (1982) ("The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim."); 18 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 4412 (1981); *Smith v. Horner*, 270 U.S.App.D.C. 62, 65 n. 3, 846 F.2d 1521, 1524 n. 3 (1988) ("Claim preclusion does not turn on whether the first court chosen had jurisdiction as expansive as a later one. All that matters is that plaintiff had the *opportunity* to litigate both claims in a court of competent jurisdiction ... but instead chose to split them.") (Citation omitted).

3. Molovinsky makes an alternative argument that in settling the case, the parties agreed that he could pursue his claims in the Superior Court. However, the settlement agreement is absolutely silent on any reservation of rights and no other written document was proffered by Molovinsky. Even his supporting affidavit fails to allege that Monterey agreed not to assert the *res judicata* bar in a subsequent suit; it states merely that Monterey's attorney refused to negotiate the issue of damages. Molovinsky's argument that Monterey is estopped by agreement from raising a statute of limitations defense to the discrimination claim is equally meritless.

4. Molovinsky's theory was that by refusing to sell to him as a nonresident of the apartment house, Monterey was violating the provision of the DCHRA that prohibits discrimination on account of "residence." D.C.Code § 1–2515(a) (1996 Supp.).

purchase agreement and more than two years after the small claims action.

Procedurally, Molovinsky argues that the trial court abused its discretion in allowing the defendants to belatedly amend their answer to raise the affirmative defense of the statute of limitations.[5] Leave to amend a pleading "shall be freely given when justice so requires." Super.Ct.Civ.R. 15(a). Considering the relevant factors established by our case law, *see, e.g., Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n,* 641 A.2d 495, 501 (D.C.1994),[6] we cannot find an abuse of discretion in the record before us. *Bennett v. Fun & Fitness of Silver Hill, Inc.,* 434 A.2d 476, 478–79 (D.C. 1981). We see no support for Molovinsky's position that he was *unfairly* prejudiced by inclusion of a statute of limitations defense in an amended answer. *See Whitener v. Washington Metropolitan Area Transit Authority,* 505 A.2d 457, 459 (D.C.1986) (finding no prejudice when plaintiff not unfairly disadvantaged by defendant's failure to plead the SOL defense in his answer). Moreover, there is no evidence of a dilatory motivation on Monterey's behalf—it had nothing to gain by leaving out a meritorious defense from its original answer. Nor did the amended answer require the reopening of discovery or extend the period of the litigation.

■ Substantively, Molovinsky argues that the limitations period was tolled because Monterey's action constituted a "continuing violation" of the DCHRA. However, Molovinsky alleges only one discriminatory act: the failure to close on the purchase agreement contract. "[T]he mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations." *Jones v. Howard Univ.,* 574 A.2d 1343, 1346 (D.C.1990) (quoting *Fitzgerald v. Seamans,* 180 U.S.App.D.C. 75, 85, 553 F.2d 220, 230 (1977)).

■ 3. *Denial of Appellant's Motion to Amend:* Finally, Molovinsky argues that the trial court erred by denying his own motion to amend his complaint to add four new counts of unjust enrichment, intentional infliction of emotional distress, retaliatory eviction, and aiding and abetting an unlawful retaliatory eviction. Again, we review for abuse of discretion under the established criteria.

The trial court noted two particular reasons supporting its denial of Molovinsky's motion. First, it found that his proffered explanation for the lengthy delay was inadequate.[7] By the time plaintiff made his motion to amend, discovery had been completed, summary judgment had been granted on the contract claim, and it appeared that the SOL would foreclose the discrimination claim. The timing of the motion, filed only after defeat seemed imminent, was suggestive of an unacceptable dilatory approach.[8]

---

5. Molovinsky contends that the trial court violated the rule set forth in *Feldman v. Gogos,* 628 A.2d 103 (D.C.1993), in raising, allegedly *sua sponte,* the statute of limitations issue. We are hampered by the failure of Molovinsky to include a full record, including the very trial court order complained of that apparently raised the issue. *See Cobb v. Standard Drug Co., Inc.,* 453 A.2d 110, 112 (D.C.1982). Unlike the case in *Feldman,* the trial court did not dismiss the case outright *sua sponte.* Molovinsky filed no motion for recusal for bias or favoritism. In the circumstances here, we perceive no basis for reversal.

6. That case identified among the factors: (1) the number of requests to amend; (2) the length of time that the trial has been pending; (3) the presence of bad faith or dilatory reasons for the request; (4) the merit of the proffered amended pleading; and (5) any prejudice to the non-moving party.

7. Molovinsky claimed that his attorney, who had just recently resigned, had not filed the original complaint consistent with his wishes. But "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 396, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993), and Molovinsky himself is a former member of the bar. *Molovinsky v. Fair Employment Council of Greater Washington, Inc.,* 683 A.2d 142, 148 n. 9 (D.C.1996).

8. It is true that Monterey similarly offered no sound excuse for its failure to include the limitations defense in its answer, but as we have remarked in a similar context, a plaintiff who chooses to utilize the court system should be particularly prepared and willing to follow the rules. *Perry v. Sera,* 623 A.2d 1210, 1219 (D.C. 1993). A plaintiff can reasonably be expected to put forward his full case at the outset before commencing litigation.

The trial court also found that Monterey, the defendant, would likely suffer unfair prejudice by inclusion of the new counts. The addition of these new claims would appear to drastically expand the scope of the litigation. They could have further delayed the proceedings by requiring the reopening of the discovery process, with additional delay and expense to Monterey.[9] All this was in clear contrast to Monterey's addition of a new and essentially non-fact-dependent defense to an existing count.

Considering the record before us, we are satisfied that the trial court "exercis[ed] its judgment in a rational and informed manner," and its "action was within the range of permissible alternatives." *Johnson v. United States*, 398 A.2d 354, 365 (D.C.1979). *See also Howard Univ. v. Good Food Services, Inc.*, 608 A.2d 116 (D.C.1992) (finding no abuse of discretion for disallowing amendment of complaint where plaintiff's unexcused delay would prejudice defendant).

*Affirmed.*

**9.** To the extent that the new claims were based upon the same "common nucleus of facts" involved in the original counts, they would be subject to dismissal on *res judicata* grounds, *see* *Faulkner, supra,* 618 A.2d at 183, and thus fall afoul of the factor addressing the "merit of the proffered amended pleading." See note 6, *supra.*