RANDOLPH, Senior Circuit Judge,
dissenting:
Michael D. Hurd,; Jr.’s complaint for damages, brought under 42 U.S.C. § 1983, alleged that the District of Columbia deprived him of due process in violation of the Fifth Amendment to the Constitution when he was reimprisoned after District authorities discovered that he had been prematurely released from prison. Hurd brought this action after he finished seeing the balance of his original sentence.
One of the problems with Hurd’s § 1983 complaint, and the only one I need address, is that before- he filed this action in federal court he brought the same claims of procedural and substantive due process in a habeas corpus petition in the District of Columbia Superior Court, and lost.
Here, the district court ruled that the Superior Court’s habeas decision precluded Hurd’s substantive due process' claim,[1] but not his procedural claim that he was entitled to a hearing before being reimpri-soned. Procedural claims, the district court reasoned, are “largely irrelevant” to habe-as petitions, so Hurd “could not have raised” such a claim. Hurd v. D.C., 146 F.Supp.3d 57, 63 n.3 (D.D.C. 2015). The source of the district court’s theory is unclear, In D.C. courts and elsewhere, procedural due process affects the legality of detentions. See, e.g., Wells v. Golden, 785 A.2d 641, 643 (D.C. 2001); Hill v. D.C. Bd. of Parole, 766 A.2d 497, 498-500 (D.C; 2000). That is why Hurd raised the procedural issue in the Superior Court.
*689 On appeal, Hurd argues that because the District of Columbia Court of Appeals dismissed Hurd’s habeas appeal as moot, the Superior Court’s decision lacks preclu-sive effect. But Hurd never asked the D.C. Court of Appeals to vacate the judgment denying his habeas petition and the Court of Appeals never did so. As a result, the habeas decision retained its preclusive force. That is the holding of United States v. Munsingwear, Inc., 340 U.S. 36, 39-41, 71 S.Ct. 104, 95 L.Ed. 36 (1950). District of Columbia law controls the preclusive effect of the habeas judgment against Hurd, see Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), and the District of Columbia’s highest appellate court has endorsed the law as set forth in Munsing-wear, See, e.g., Lewis v. Hotel & Rest. Employees Union, Local 25, AFL CIO, 727 A.2d 297, 299-302 (D.C. 1999); Wheeler V. Gaulart, 623 A.2d 1177, 1177 (D.C. 1993) (per curiam); Smith v. Town Ctr. Mgmt. Corp., 329 A.2d 779, 780 (D.C. 1974).[2]
The majority rejects claim preclusion on different grounds. It first states that Hurd could not have raised his damages claim in the habeas petition. That is accurate. But there is no reason why he could not have joined the § 1983 damages claim with the habeas petition. The majority relies on Restatement (Second) of Judgments § 26(l)(c) (1982) (stating claim preclusion inapplicable when the “plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts”), but that Restatement provision is inapposite.[3] Hurd’s damages claim would have likely been contingent on him prevailing in, his. habeas. petition, Heck v. Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), but D.C. Superior Court Rule of Civil Procedure 18(b) allows the joinder of such claims. The federal rules allow the same. See Fed. R. Civ. P. 18(b). See also Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). And the Superior Court would have had jurisdiction oyer the separate § 1983 claim. See Haywood v. Drown, 556 U.S. 729, 731, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009); Smith v. D.C., 882 A.2d 778, 780-81 (D.C. 2005). That the “Supreme Court has reserved habeas for those seeking release from confinement and, section 1983 for those seeking other *690 relief,” Maj. Op. 679, misses the point. In light of Superior Court Rule 18(b), Hurd could have joined a § 1983 claim with his habeas claim.
Even if that were not the case, the District of Columbia’s definition of “claim” for preclusion purposes does not depend on the available relief. Under D.C. law the “nature and scope of a ‘cause of action’ is determined by the factual nucleus, not the theory on which a plaintiff relies.” Faulkner v. Gov’t Employees Ins. Co., 618 A.2d 181, 183 (D.C. 1992). Here, Hurd’s habeas petition and his § 1983 action arose from the same factual nucleus and thus constituted the same “claim” under D.C. preclusion law.
The majority’s contrary view—that in order to have preclusive effect, the available relief in the first proceeding must meet or exceed the available relief in the second—finds no support in D.C. law. D.C. courts have repeatedly held the opposite. In Osei-Kuffnor v. Argana, 618 A.2d 712 (D.C. 1993), for instance, the D.C. Court of Appeals rejected the plaintiffs argument that res judicata did not apply when the prior action took place in a jurisdietionally-limited court. “Res judicata is based on the premises that the aggrieved party should be given but one opportunity to allege that wrong,” the court wrote, “and where the facts that give rise to a legal action are fully litigated in one forum, there is no rationale for relitigating those facts elsewhere.” Id. at 715 (quotation and alterations omitted). “The fact that the jurisdictional amount of the D.C. Superior Court is greater than the jurisdictional amount of the Prince Georges County District Court,” the court continued, “does not demonstrate that the underlying facts and claims in the instant case have not already been adjudicated in the Maryland case.” Id. The court therefore upheld the dismissal of the complaint on res judicata grounds. Id. Other decisions have reaffirmed this holding. See Shin v. Portals Confederation Corp., 728 A.2d 615, 619-20 (D.C. 1999) (“This court has held that such a discrepancy in the amount of available damages is not relevant to whether res judicata bars a claim.”); Molovinsky v. Monterey Co-op., Inc., 689 A.2d 531, 533 (D.C. 1996). See also Williams v. Ward, 556 F.2d 1143, 1154 (2d Cir. 1977) (Friendly, J.) (“[T]he mere fact that the remedy sought in one action is different from that sought in another does not alone suffice to differentiate the underlying claims.”). That the precluded party did not choose “the first forum with limited jurisdiction” has not mattered under D.C. law. See Shin, 728 A.2d at 621 n.4 (Ruiz, J., dissenting).
It is true, as the majority notes, that the above cases involved actions for damages in both the first and second forums. Maj. Op. 680. But the reasoning in the decisions directly applies to this case. An “aggrieved party should be given but one opportunity to allege” a particular wrong, the court wrote in Molovinsky, so claim preclusion may apply even when the first forum “lacked the jurisdictional competence” to provide the relief sought in the second action. 689 A.2d at 533.
To be sure, no D.C. court has squarely held that a prior habeas decision can preclude a later § 1983 action. But no D.C. court has held the opposite. Because we must apply D.C. preclusion law, see Migra, 465 U.S. at 80-81, 104 S.Ct. 892, the relevant question is how the D.C. Court of Appeals would decide this question. In this way, the case mirrors Gonzales v. California Department of Corrections, 739 F.3d 1226 (9th Cir. 2014). In Gonzales, the court analyzed whether under California law, a prior habeas adjudication precluded the § 1983 action before the court. Id. at 1230-32. California state courts had not decided that precise question, but because “Califor *691 nia’s doctrine of claim preclusion does not require identity in relief sought,” the Ninth Circuit unanimously held that the habeas adjudication could preclude the § 1983 action. Id. at 1232. So too here.[4]
The Gonzales decision is no outlier. In Preiser v. Rodriguez, 411 U.S. 475, 497, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), for example, the Supreme Court’s holding that habeas provided the exclusive federal remedy for the restoration of good-conduct-time credits depended in part on the prospect of state habeas decisions precluding later § 1983 actions. See Williams, 556 F.2d at 1153 n.4. Our court and many other courts of appeals have also recognized that federal habeas decisions may have preclusive effect in later civil rights actions. See, e.g., Monk v. Sec’y of Navy, 793 F.2d 364, 366-67 (D.C. Cir. 1986); Reaves v. Pennsylvania Bd. of Prob. & Parole, 580 Fed.Appx. 49, 53-54 (3d Cir. 2014) (per curiam); Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam); Warren v. McCall, 709 F.2d 1183, 1183 (7th Cir. 1983); Williams, 556 F.2d at 1153-54 (Friendly, J.). See also Stanton v. D.C. Court of Appeals, 127 F.3d 72, 78 n.4 (D.C. Cir. 1997).
These cases and others support the conclusion that Hurd’s § 1983 action is precluded.[5] I would therefore affirm the judgment of the district court dismissing Hurd’s § 1983 complaint.

. The district court properly reviewed the ha-beas decision in deciding to dismiss Hurd’s § 1983 action. See, e.g., Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005); Stanton v. D.C. Court of Appeals, 127 F.3d 72, 76-77 (D.C. Cir. 1997). See also In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16-20 (1st Cir. 2003),

. The majority says that "D.C. courts have cited Munsingwear regarding courts’ power to vacate opinions when the controversies that spawned them became moot,” but argues that no D.C. court—at least in cases involving issue preclusion—has enforced the Munsing-wear vacatur requirement. Maj. Op. 681-82. When the D.C. Court of Appeals has discussed Munsingwear, however, it has noted the consequences of failing to vacate the decision under review. The decision would "remain in force unreviewed” and would permit "a judg- '■ ment, unreviewable because of mootness," to “spawn[] .,, legal consequences.” Lewis, 727 A.2d at 302 (internal quotation marks omitted). The available evidence thus suggests that given the opportunity, and in light of Hurd’s failure to request vacatur of the habeas judgment, the D.C. Court of Appeals would en- - force Munsingwear and find Hurd’s claims precluded. "If there is hardship in this case, it was preventable.” Munsingwear, 340 U.S. at 39, 71 S.Ct. 104.

. Even if the Restatement provision were relevant, we must follow District of Columbia law, not the views of the Restatement drafters. See Migra, 465 U.S. at 80-81, 104 S.Ct. 892; Kansas v. Nebraska, — U.S. -, 135 S.Ct. 1042, 1064, 191 L.Ed.2d 1 (2015) (Scalia, J., concurring in part and dissenting in patt). That is especially so when, as here, District of Columbia courts have rejected the precise Restatement subsection on which the majority opinion relies. See Maj. Op. 680. Compare Shin v. Portals Confederation Corp., 728 A.2d 615, 620 (D.C. 1999), with id. at 620 (Ruiz, J., dissenting). Dicta from Wilson v. Hart, 829 A.2d 511, 514 n.4 (D.C. 2003), does not change the analysis. See Maj. Op, 680.

. The majority states that "Hurd’s habeas petition was against the United States, whereas the current case is against the District of Columbia.” Maj. Op. 679. Yet the District of Columbia may have also been a party to the habeas case. The Superior Court asked the "United State’s [sic] Attorney’s Office and/or the District of Columbia Attorney General’s Office, as respondent(s),” to file responses to the habeas petition, and the District of Columbia filed a response contesting its inclusion in the case and addressing the merits. See Order to Show Cause, Hurd v. United States, No. 05-FEL-4391 (D.C. Super. Ct. Nov. 21, 2011); Non-Party District of Columbia Department of Correction’s Response to Plaintiff's Motion for Writ of Habeas Corpus at 1-3, Hurd v. United States, No. 05-FEL-4391 (D.C. Super. Ct. Dec. 21, 2011). The D.C. Superior Court apparently did not resolve the question whether the District of Columbia was a party,
Even if the District of Columbia was not a party, it is in privity with the United States for this action. "Traditional categories of privies” include "those whose interests are represented by a party to the action." Patton v. Klein, 746 A.2d 866, 870 (D.C. 1999) (per curiam) (internal quotation marks omitted). In this case, the District of Columbia stated in its habeas response that the United States represented its interests. See District of Columbia Habeas Response at 2. The United States was also only a party to the habeas case because of its unique role in enforcing District of Columbia law. See, e.g., D.C. Code § 23-101 (prosecution responsibilities); D.C. Code § 24-131 (parole responsibilities).

. I express no view on whether Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), may also warrant dismissal of part or all of Hurd’s claims. The parties did not brief the issue and the circuits are split. See Cohen v. Longshore, 621 F.3d 1311, 1315-17 (10th Cir. 2010).