**JOHNSTON LEMON & CO., INC., Plaintiff,**

v.

**Bill G. SMITH, et al., Defendants.**

**Civ. A. No. 94–1683 (JR).**

United States District Court, District of Columbia.

May 3, 1995.

Lemon on various tort theories (defamation, intentional infliction of emotional distress, and tortious interference with business relationships). Johnston Lemon settled with the investors in the second arbitration and attempted to settle as well with Smith and Michaels, offering to dismiss the cross-claims if Smith and Michaels would dismiss their counterclaims. Smith and Michaels refused. A hearing was then held on the cross-claims and counterclaims, and the arbitration panel made a substantial award to Smith and Michaels.

■ Johnston Lemon's motion to vacate the arbitration award advances three arguments. All of them must be analyzed under the general rule that judicial review of arbitral awards is extremely limited, consistent with the intent of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to create a speedy, efficient and binding alternative to litigation. *See Revere Copper and Brass Inc. v. Overseas Private Investment Corp.*, 628 F.2d 81 (D.C.Cir.1980), *cert. denied*, 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980).

■ The first argument is that the arbitrators exceeded their powers when they awarded damages to Smith and Michaels on their counterclaims. The apparent thrust of the arbitration award was that it was unfair of Johnston Lemon to pursue its claim for indemnification against Smith and Michaels, particularly after the first arbitration had concluded with rulings in their favor. Plaintiff argues that the counterclaims were beyond the scope of the arbitration and that the panel "manifestly disregarded" the law when it awarded damages on the counterclaims because the District of Columbia recognizes an absolute privilege for the pursuit of claims in litigation and arbitration, *see*, e.g., *Brown v. Shimabukuro*, 118 F.2d 17, 18 (D.C.Cir. 1941); *Sturdivant v. Seaboard Service System, Ltd.*, 459 A.2d 1058 (D.C.1983) (expressly extending privilege to arbitration proceedings).

■ There is no indication in this record that the arbitration panel "exceeded" its powers. The arbitration was certainly broad enough to comprehend the issues raised by Smith and Michaels. It was Johnston Lem-

Douglas Kevin Spaulding, Reed Smith Shaw and McClay, Washington, DC, for plaintiff.

Joseph Anthony Ingrisano, Gilbert William Boyce, Kutak & Rock, Washington, DC, for defendants.

## MEMORANDUM OPINION

ROBERTSON, District Judge.

Before the Court is the motion of plaintiff Johnston Lemon & Co., Inc. to vacate National Association of Securities Dealers Arbitration Award No. 92–00218. A ruling on plaintiff's motion will terminate this case, and, the parties agree, will also conclude the action these same defendants have brought in D.C. Superior Court to confirm the same arbitration award.

This action arises out of claims brought by two groups of investors against Johnston Lemon and defendant Bill G. Smith, who was then an employee of Johnston Lemon. The investor claims were submitted to NASD for arbitration. In the first arbitration, Johnston Lemon cross-claimed against Smith and attempted to cross-claim against defendant Paula Michaels, who was then also a Johnston Lemon employee. The arbitration panel dismissed the cross-claim against Michaels. Reaching the merits, it entered an award against Johnston Lemon, but not against Smith. In the second arbitration Johnston Lemon again cross-claimed against Smith and Michaels. This time Smith and Michaels asserted counterclaims against Johnston

on that filed the cross-claims in the first place, and there is nothing unusual or heterodox about the counterclaims. Even if the arbitrators erred in their application of the law of privilege, such an error would not require that the arbitration award be set aside. *See Fairchild & Co., Inc. v. Richmond Fredericksburg & Potomac R.R. Co.*, 516 F.Supp. 1305, 1314 (D.D.C.1981); *Washington–Baltimore Newspaper Guild, Local 35, v. Washington Post Company*, 442 F.2d 1234, 1239 (D.C.Cir.1971).

■ Johnston Lemon goes on to claim that these arbitrators not only erred but "manifestly disregarded" the law. The claim is not supported by the record. If the "manifest disregard" doctrine has any currency in this Circuit, *see, Kanuth v. Prescott, Ball & Turben, Inc.*, 949 F.2d 1175, 1178 (D.C.Cir. 1991), the party seeking to rely upon it must at least establish that the arbitrators appreciated the existence of a governing legal principle but expressly decided to ignore it. *Id.* at 1182; *Merrill Lynch Pierce Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930 (2nd Cir.1986).[1] The arbitration panel, indeed, did not specify what law they applied—nor were they required to do so.

■ Johnston Lemon's second claim is that the arbitration panel exceeded its powers by purporting to require the amendment of certain required NASD reports to the extent the reports contained language of which the panel disapproved. That claim may be moot because it appears that Johnston Lemon did not consider that the order actually required it to do anything. In any event, there appears to be precedent for the issuance of such orders by NASD arbitration panels, and Johnston Lemon does not make a persuasive case that such an order exceeds the powers of an NASD arbitration panel.

■ Plaintiff's third claim, made belatedly, is that Stanley H. Ragle, the chairman of the arbitration panel, improperly failed to disclose a significant past adversarial relationship between his former employer, Ferris

Baker Watts Inc., and Johnston Lemon, thereby violating NASD Code of Arbitration Procedure § 23(a)(2) *et seq.* Ragle was in fact retired from Ferris Baker Watts prior to his appointment as an arbitrator and prior to the development of the contentious issues between his former employer and Johnston Lemon. It appears only that an NASD form reporting his retirement was filed late. It was not Ragle's responsibility to file the form. In any event, Johnston Lemon's counsel was personally familiar with the dispute between Johnston Lemon and Ferris Baker Watts. The references to Ferris Baker Watts that did appear in Ragle's statement of qualifications put counsel and Johnston Lemon on notice. Any further inquiries should have been made then.

This memorandum repeats in a more formal fashion the reasons announced at the close of oral arguments on April 18, 1995, for the Court's order issued April 19, 1995, denying Johnston Lemon's motion to vacate the challenged arbitration award.

---

1. As Judge Posner observed in *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir.1994), the "manifest disregard" doctrine is questionable: "If it is meant to smuggle a review for clear error in by the back door, it is inconsistent with the entire modern law of arbitration. If it is intended to be synonymous with the statutory formula that it most nearly resembles— whether the arbitrators 'exceeded their powers'—it is superfluous and confusing."