MEMORANDUM
 

 JUNE L. GREEN, District Judge.
 

 I. Introduction
 

 This matter is before the Court on the Application and Motion for Order Confirming Arbitral Award and Entry of Judgment Thereon (“Application”) of Claimant-Petitioner Elizabeth Harris Baird (“Petitioner”), and the Cross-Motion to Vacate and Opposition to Claimant-Petitioner’s Motion to Confirm Arbitration Award (“Opposition”) of Respondents Tucker Anthony R.L. Day, Inc., and Thomas A. Pasquale (“Respondents”).
 

 II. Background
 

 Petitioner is a former employee of Respondent Tucker Anthony, which is a member of the New York Stock Exchange (“NYSE”). Respondents employed Petitioner as a registered representative from January 1987 to October 1989. Petitioner filed a claim with the NYSE on or about October 20, 1993, in regard to an employment dispute between herself and Respondents. The arbitration was conducted pursuant to the Rules of the NYSE, to which all parties were bound. The arbitration took place on five days between February 1995, and March 1996, and produced a transcript of 1,286 pages.
 

 The written award consists of a single page form produced by the NYSE, stating: “Case Summary: Registered Representative v. Member Firm — claimant alleges false and defamatory accusation of misappropriation of firm profits while employed as a municipal bond trader resulting in claimant’s inability
 
 *16
 
 to find employment in the securities industry.” (Award.) The award reads (in full):
 

 The undersigned, arbitrators have decided and determined in full and final settlement of all claims between the parties that: the respondent Tucker Anthony & R.L. Day Inc. shall pay to the claimant the sum of $251,000 which represents $250,000 as an award on the claim and $1000 as a refund of claimant’s deposit of costs; that the respondent Thomas A. Pasquale shall pay to the claimant the sum of $10,000; that the claim of the claimant against Michael L. Michael be and hereby is dismissed in all respects; that the costs of this proceeding $20,000 are assessed against respondent Tucker Anthony & R.L. Day Inc.
 

 (Id.)
 
 The award is signed by all three arbitrators, and is accompanied by a certified and notarized affidavit of Mr. Robert S. Clemente, the Arbitration Director for the NYSE.
 

 Respondents ask that the award be vacated on the theory that the arbitrators acted in manifest disregard of the law by allegedly: (1) failing to find that truth is an absolute defense to the defamation charge; (2) ignoring New York law granting a qualified privilege (which can only be overcome by a showing of malice) to statements between entities with a common interest; (3) ignoring New York law which grants an absolute privilege to the NYSE document containing the allegedly defamatory remarks; and, (4) ignoring that Petitioner’s claims of malicious prosecution and prima facie tort were barred by the purported privilege.
 

 III. Discussion
 

 Confirmation of arbitral awards is governed by the Federal Arbitration Act (“the Act”). 9 U.S.C. §§ 1-14 (West 1990). Under the Act, the Court must grant a request for confirmation unless the award is “vacated, modified, or corrected.”
 
 Id.
 
 at § 9. If the parties to an arbitration agreement do not specify a particular court, then an application for confirmation and entry of judgment on the award “may be made to the United States court in and for the district within which such award was made.”
 
 Id.
 
 Rule 627 of the NYSE Rules of Board provides that “awards may be entered as a judgment in any court of competent jurisdiction.” The arbitration in this case took place in the District of Columbia. Thus, the petition is properly before this Court.
 

 The Federal Arbitration Act (“FAA”), 9 U.S.C. § 10 (1994), empowers a federal court to vacate an arbitration award only
 

 (1) Where the award was procured by corruption, fraud, or undue means.
 

 (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
 

 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 

 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 9 U.S.C. § 10. “Courts have also recognized a limited nonstatutory ground for vacating an arbitration award where the arbitrator has acted in ‘manifest disregard of the law.’”
 
 Al-Harbi v. Citibank,
 
 85 F.3d 680, 682 (D.C.Cir.1996)
 
 (citing Kanuth v. Prescott, Ball & Turben, Inc.,
 
 949 F.2d 1175, 1178 (D.C.Cir.1991))
 
 (citing Wilko v. Swan,
 
 346 U.S. 427, 436, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953) (dicta));
 
 cf. First Options of Chicago v. Kaplan,
 
 — U.S. -, -, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995) (holding that an arbitral award will only be set aside if the award was made in ... “ ‘manifest disregard’ of the law”).
 

 “Manifest disregard of the law may be found if [the] arbitrator[s] understood and correctly stated the law but proceeded to ignore it.”
 
 Kanuth v. Prescott, Ball, & Turben, Inc.,
 
 949 F.2d 1175, 1179 (D.C.Cir.1991). “[T]he party seeking to rely upon it must at least establish that the arbitrators appreciated the existence of a governing legal principle but expressly decided to ignore it.”
 
 Johnston Lemon & Co., Inc., v. Smith,
 
 886 F.Supp. 54, 56 (D.D.C.1995)
 
 (citing Kanuth,
 
 949 F.2d at 1182).
 

 
 *17
 
 Ordinarily, the Court would treat the four allegations of Respondents one at a time, however, in the present case, all four allegations suffer from the same fatal flaw. Respondents fail to point out record evidence to support any of these allegations, aside from a citation to pages 12-13 of the 1,286-page arbitration transcript. In the cited portion of the transcript, the chair of the arbitration panel comments that, “As far as the privilege is concerned, based upon the information that we have, the motion, I guess, for protective order, if you will, would be denied on the grounds of privilege under either of the theories raised.” (Tr. at 12-13.) It is unclear exactly why Respondents cite this quotation, (other than the fact that it contains the word “privilege”), because they fail to assign it any meaning subsequently. It appears to the Court that the panel considered a motion for protective order, and denied it in due course.
 

 It is long-settled that, “Arbitrators do not have to give reasons.”
 
 Montana Power Company v. Federal Power Commission,
 
 445 F.2d 739, 755 (D.C.Cir.1970)
 
 (citing United Steelworkers v. Enterprise Wheel & Car Carp.,
 
 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (I960)). In this case, “The arbitration panel ... did not specify what law they applied — nor were they required to do so.”
 
 Johnston,
 
 886 F.Supp. at 56. With regard to manifest disregard of the law, the D.C. Circuit has recently held that:
 

 Plainly, this non-statutory theory of vacatur cannot empower a District Court to conduct the same de novo review of questions of law that an appellate court exercises over lower court decisions. Indeed, ... it is clear that [manifest disregard] means more than error or misunderstanding with respect to the law.
 

 Al-Harbi,
 
 85 F.3d at 684, (internal citation omitted).
 

 Respondents attempt to circumvent these settled legal principles by asserting that the arbitrators were so far off the mark that they
 
 must
 
 have acted in manifest disregard of the law. The Respondents, however, offer only arguments as to why the arbitral panel
 
 should
 
 have agreed with
 
 their
 
 view of the law, rather than evidence that the arbitrators acted in manifest disregard of the law. In so doing, they misapprehend the nature of the review that this Court may undertake of an arbitral award supposedly made in manifest disregard of the law. Although not required to do so, the Court has reviewed the entire 1,286-page transcript of the arbitration, and finds no evidence that the arbitrators acted in manifest disregard of the law.
 

 IV. Conclusion
 

 The arbitral award is proper, and Respondents have failed to offer
 
 any
 
 credible evidence to show that the award was made in manifest disregard of the law. The Court, therefore, GRANTS the Petitioner’s Application and Motion for Order Confirming Arbitral Award and Entry of Judgment thereon, and DENIES Respondents’ Cross-Motion to Vacate and Opposition to Claimant-Petitioner’s Motion to Confirm Arbitration Award. An appropriate Order is attached.
 

 ORDER
 

 In its Memorandum Opinion and Order of July 31, 1996, the Court entered judgment on Petitioner Elizabeth Harris Baird’s (“Petitioner”) Application and Motion for Order Confirming Arbitral Award and Entry of Judgment Thereon, and denied the Cross-Motion to Vacate and Opposition to Claimant-Petitioner’s Motion to Confirm the Arbitration Award, of Respondents Tucker Anthony & R.L. Day Inc., and Thomas A Pasquale. Upon request of the Petitioner for clarification of its order of July 31, 1996, it is by the Court, this 20th day of August, 1996
 

 ORDERED that the NYSE Arbitration Award in favor of Petitioner Elizabeth Harris Baird against Tucker Anthony & R.L. Day, Inc., and Thomas A Pasquale in the arbitration case of
 
 Elizabeth Harris Baird v. Tucker Anthony & R.L. Day, Inc., Thomas A Pasquale and Michael L. Michael,
 
 NYSE Docket No. 1993-993521 (McDonough, Thompson and King, arbitrators) is CONFIRMED; it is further
 

 ORDERED that Respondent, Tucker Anthony & R.L. Day Inc., shall pay to Petitioner Elizabeth Harris Baird the sum of $251,-000.00, which represents $250,000.00 as an
 
 *18
 
 award on the arbitral claim and $1,000.00 as a refund of claimant’s deposit of costs, as set forth in the arbitral award; it is further
 

 ORDERED that the costs of the arbitral proceeding, $20,000.00, are assessed against Respondent, Tucker Anthony & R.L. Day, Inc., as set forth in the arbitral award; it is further
 

 ORDERED that Respondent, Thomas A. Pasquale, shall pay to Petitioner, Elizabeth Harris Baird, the sum of $10,000.00, as set forth in the arbitral award; it is further
 

 ORDERED that Respondent, Tucker Anthony & R.L. Day Ine., and Thomas A. Pasquale shall pay Petitioner’s costs in this proceeding; it is further
 

 ORDERED that Respondents’ Cross-Motion to Vacate that Award is DENIED.