**Tucker ANTHONY and Thomas A. Pasquale, Plaintiffs,**

v.

**Elizabeth Harris BAIRD, Defendant.**

**No. Civ.97–CV–2631 (JLG).**

United States District Court, District of Columbia.

July 15, 1998.

Joseph A. Ingrisano, Kutak Rock, Washington, DC, for plaintiffs.

Jonathan Kord Legemann, New York City, Mark L. Davidson, Mark L. Davidson & Associates, Washington, DC, for defendant.

### *MEMORANDUM*

JUNE L. GREEN, District Judge.

Before the Court are the parties' competing motions for summary judgment. For the reasons that follow, the Defendant's motion is granted and the Plaintiffs' motion is denied.

### *BACKGROUND*

This case has its origins in an earlier case decided by this Court and later affirmed by the Court of Appeals. *See In the Matter of Elizabeth Harris Baird and Tucker Anthony et al.,* 939 F.Supp. 15 (D.D.C.1996), *aff'd,* 124 F.3d 1309 (D.C.Cir.1997). The facts of that case merit brief recounting.

The Defendant, Elizabeth Harris Baird, is a former employee of Plaintiff Tucker Anthony, a member of the New York Stock Exchange ("NYSE"). Tucker Anthony employed Defendant as a registered representative from January 1987 to October 1989. On October 20, 1993, Ms. Baird filed a claim with the NYSE alleging false and defamatory accusation of misappropriation of firm profits which, she alleged, resulted in her inability to find employment in the securities industry. After five days of hearings between February and March 1995, the arbitration panel found in favor of Ms. Baird. An arbitration confirmation petition followed in this Court and, after full briefing, Ms. Baird was again victorious. Tucker Anthony then took its case to the Court of Appeals where that Court, on May 15, 1997, affirmed this Court's decision.[1] In light of those rulings, Tucker Anthony paid Ms. Baird her monetary award including prejudgment interest and, although not required to do so, her attorney's fees as well.

The subject of the current litigation is a second arbitration action filed by Ms. Baird in August of 1997. Ms. Baird's new claim (referred to as "arbitration arbitrage" or unjust enrichment), is based upon the alleged conduct of Tucker Anthony during the course of the prior litigation. The allegation is that the Plaintiffs deliberately abused the legal process by making meritless appeals following the initial arbitration in an effort to avoid paying Ms. Baird her award for as long as possible. The motivation, Ms. Baird alleges, is that Tucker Anthony wanted to invest that money and reap whatever profits could be generated in the interim. Ms. Baird seeks to recover the difference between the prejudgment interest on her award and what she believes was the higher actual return on investment enjoyed by the Plaintiffs during the time period that the judicial proceedings wound their way toward final disposition. It is this current arbitration proceeding that Tucker Anthony seeks to avoid.

1. The Court of Appeals denied Ms. Baird's motion for sanctions against the Plaintiffs without prejudice instead directing her to seek attorney's fees and costs from the District Court for the matters litigated there.

## DISCUSSION

A motion for summary judgment is made pursuant to Fed.R.Civ.P. 56(c), which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the material before the Court "must be viewed in the light most favorable to the [nonmoving] party." *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

There do not appear to be any material facts in dispute that would prevent a legal determination of the central issue in this case. That issue involves the applicability of the legal doctrine known as *res judicata* and the preclusive effect, if any, the earlier case might have on this one.

### Res Judicata

*Res judicata*, as it has come to be understood, quite simply refers to a matter that has been conclusively adjudicated as to the rights of the parties and therefore serves as a bar to any subsequent actions involving the same claim, demand or cause of action. *See Molovinsky v. Monterey Co-op, Inc.*, 689 A.2d 531, 533 (D.C.App.1997). Here, Tucker Anthony argues that Ms. Baird's current arbitration action really is one for sanctions and as such is barred because not only did the Court of Appeals expressly deny such a motion, but she failed to seek such redress from this Court as she was permitted to do.

The Court finds no basis to grant what Tucker Anthony seeks; that is, an order enjoining the current arbitration proceeding. In her opposition, Ms. Baird characterizes her current arbitration action as one for unjust enrichment rather than sanctions and states that she did not raise such claims earlier because this Court was statutorily precluded from hearing them at the time of the arbitration confirmation proceedings.

Ms. Baird is correct. Under the Federal Arbitration Act, 9 U.S.C. §§ 9 and 10, the Court is limited either to vacating or confirming an arbitration award. Ms. Baird could not have sought the remedy in that proceeding that she seeks now; namely money damages for unjust enrichment. Although Tucker Anthony argues that Ms. Baird's claim for unjust enrichment is nothing more than a re-labeled request for sanctions and therefore precluded, the Court is not so convinced.

The sanction provisions of the Federal Rules of Civil Procedure are generally punitive in nature. *See* Fed.R.Civ.P. Rule 11. Ms. Baird's claim, whether it is labeled arbitration arbitrage or unjust enrichment, is specific in that it seeks the investment proceeds Tucker Anthony allegedly gained by attempting improperly to extend the court proceedings. The nature of the remedy sought indicates that Ms. Baird is not seeking so much to punish Tucker Anthony as she is trying to recoup that to which she believes she is entitled.

More important, an examination of what is available as a sanction under the Federal Rules of Civil Procedure shows that Ms. Baird could not have gotten the redress she seeks. To wit, Rule 11 prohibits granting any type of monetary sanctions for advancing a frivolous argument, *see* Fed.R.Civ.P. 11(c)(2)(A) and (b)(2), and even under Rule 11(b)(1) (prohibition against filing for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"), the Court can only order that the offending party pay a monetary fine (to the Court) and/or attorney's fees and costs to the opposing party. The Court has no authority to make a monetary award for damages to a party for a Rule 11 violation. As a result, there does not appear to have been any opportunity for Ms. Baird to raise what she now seeks in the prior proceeding.

The Court, therefore, concludes that Ms. Baird's new claim is sufficiently different from the initial claim that principles of *res judicata* do not apply. Whether Ms. Baird's cause of action has any actual merit is not for this Court to decide. That is a question the NYSE arbitration board apparently has seen fit to undertake and this Court will not interfere on the basis Tucker Anthony has proposed.

### CONCLUSION

Accordingly, the Court finds no basis to enjoin ongoing arbitration proceedings on the theory that a prior judgment must be safeguarded. In the Court's view, the prior judgment at issue is separate and apart from what Ms. Baird seeks in the current arbitration. Ms. Baird's motion for summary judgment, therefore, is granted and the Plaintiffs' motion is denied. An appropriate Order is attached.

### ORDER

Upon review of the Plaintiffs' and Defendant's separate motions for summary judgment, the responses and replies thereto, and for the reasons stated in the accompanying memorandum of law, it is by the Court this 14th day of July 1998;

**ORDERED** that the Defendant's motion for summary judgment is **GRANTED and this case is DISMISSED with prejudice;** it is further

**ORDERED** that Defendant's request for attorney's fees and costs is **DENIED;** it is further

**ORDERED** that Plaintiffs' motion for summary judgment is **DENIED;** and it is further